IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| AGIS SOFTWARE DEVELOPMENT LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC, | § § § § § § § § § § § | Case No. 2:19-cv-00361-JRG<br>(LEAD CASE)<br><br>**JURY TRIAL DEMANDED** |
| WAZE MOBILE LIMITED, | § § § | Case No. 2:19-cv-00359-JRG<br>(CONSOLIDATED CASE) |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendants. | § § § § § § | Case No. 2:19-cv-00362-JRG<br>(CONSOLIDATED CASE) |

**JOINT MOTION FOR ENTRY OF DISPUTED PROTECTIVE ORDER**

Pursuant to the Docket Control Order (Dkt. 68), dated April 8, 2020, and the Court's Order granting the parties' Joint Motion for Extension of Time to File Proposed Protective Order (Dkt. 69), Plaintiff AGIS Software Development LLC and Defendants Google LLC, Waze Mobile Limited, Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc., (collectively, the "Parties), hereby submit the Proposed Disputed Protective Order attached as Exhibit A.  The Parties have indicated their competing proposals using, highlighting, square brackets and denoted by "**Plaintiff's Proposal:**" and "**Defendants' Proposal:**" as indicated in Exhibit A. The Parties were able to reach agreement on almost all provisions of the Protective Order, but two provisions in paragraphs 8 and 11 remain in dispute: (i) the definition of "Source Code" in paragraph 8, footnote 6; and (ii) certain provisions of the proposed bar on prosecution, acquisition, and licensing of patents in paragraph 11.

Parties' competing proposals and arguments in favor of their proposals are presented below:

**Plaintiff's Position**

The parties have three disputes: (1) whether "Source Code" should include the names of files or directories in which such files are stored, (2) whether the bar on prosecution, licensing, and acquisition of patents should be expanded to include "the accused products, services, or features of Defendants in above-captioned cases," and (3) whether the limitations on prosecution of patent applications should exclude "acquisition, licensing, or any other transaction involving the patents-in-suit and/or all patents and patent applications related thereto."

First, regarding the definition of Source Code,[1] AGIS seeks the clarification that "Source Code does not include the names of Source Code files or the names of directories in which such files are stored." File names and directories are not source code and are not so sensitive that they merit the same protections as source code. *See e.g. Packet Intelligence LLC v. Netscout Sys. Inc. et al.*, 2:16-CV-00230-JRG, Dkt. 343 at 12-13 (E.D. Tex., May 31, 2019) (discussing source code file names in an unsealed order); *see also Fujinomaki v. Google, Inc. et al.*, 3-16-cv-03137, Dkt. No. 230 (N.D. Cal., Dec. 19, 2016) ("[handwritten notes] are permitted for the names of files, folders, directories, subroutines, and variables, so long as they do not include actual source code"). File names and directories cannot be appropriately designated "Source Code Material" under provisions of the protective order to which Defendants have agreed, as they are not "copies, reproductions, extracts, digests and complete or partial summaries" of source code. *See* Exhibit A at Section 3. In any case, the rationale that a party may suffer economically if its

---

[1] In this Court's sample Protective Order, "Source Code Material" is simply defined as "computer source code and/or live data (that is, data as it exists residing in a database or databases.)."

source code were copied or leaked, which ordinarily justifies the exceptional restrictions imposed by the model protective order, does not apply to file names and directories.

On the other hand, it is important that AGIS be allowed to refer to files by name and location in seeking discovery and in its papers filed for consideration of this Court. Under Defendants' proposal, references to source code file names or directories in written discovery requests would be a violation of the protective order unless such documents themselves are treated as "RESTRICTED CONFIDENTIAL SOURCE CODE." This would impede AGIS's ability to litigate this case. Moreover, Defendants have not explained why a designation of "RESTRICTED-ATTORNEY'S EYES ONLY" would be insufficient. Rather, Defendant's position appears to be an attempt to gain a tactical advantage by impeding AGIS's ability to refer to or request access to specific files.

Regarding the limitations on patent prosecution, given that Plaintiff is agreeing to a two-year prosecution bar, Plaintiff believes it is appropriate to specifically carve out activities related to the "acquisition, licensing, or any other transaction involving the patents-in-suit and/or all patents and patent applications related thereto." Defendants should not be permitted to further restrict Plaintiff's ability to engage in transactions related to the patents within its portfolio with the inclusion of the following language: "Nothing in this Order shall prohibit the acquisition or patents or patent applications for assertion or licensing with respect to the products, services, or features of any entity other than a party." Defendants' proposal adds ambiguity and seeks to expand the restrictions to "products, services, or features" rather than limiting them to the field of invention of the patents-in-suit. As discussed below in relation to the acquisition bar, this departure from the model order greatly expands the scope of these limitations and would have serious and wide-ranging consequences.

Defendants also seek to include "the accused products, services, or features of Defendants in the above-captioned cases" in the disputed provisions that impose restrictions on prosecution, licensing, and acquisition of patents.  Specifically, Defendants seek the addition of a non-standard acquisition bar that would prevent outside counsel in this case from any involvement in the acquisition of patents not only in the pertinent field of technology. The additional requirements that Defendants seek to impose have the potential to serve as a disqualification of outside counsel, are not in the model protective order for good reasons, and should be rejected on several grounds.

First, it is Defendants' burden to show that such a bar is warranted, and Defendants cannot do so. A party seeking a bar must show (1) that the risk of inadvertent disclosure exists; and (2) that the balance of interests suggests a bar is appropriate.[2] *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1378 (Fed. Cir. 2010).  Defendants cannot show any risk of inadvertent disclosure, thus, their proposed heightened acquisition bar is not appropriate.

In balancing the interests of both parties, courts have denied acquisition bars because they are burdensome to plaintiffs. *Sol IP, LLC v. AT&T Mobility LLC*, 2:18-cv-0526-RWS-RSP, Dkt. 129 (E.D. Tex. May 29, 2019).[3]  Here, such a restriction would burden Plaintiff's counsel as well because counsel would be unnecessarily bound by the Protective Order's restrictions based on nothing but conjecture. Plaintiff's counsel has already agreed to be bound by a two-year prosecution bar, longer than the typical one year. Yet, Defendants insist on further handicaps to Plaintiff's counsel in the form of a burdensome and wide-ranging acquisition bar. For these

---

[2] In this District, prosecution bars and acquisition bars are both analyzed under the *In re Deutsche Bank* framework. *See E-Contact Techs., LLC v. Apple, Inc.*, No. 1:11-CV-426-LEDKFG, 2012 WL 11924448, at *1 (E.D. Tex. June 19, 2012).

[3] "[I]nlight of the broad scope of activities covered by the requested acquisition bar and its extended duration, the balance of interests supports that the proposed acquisition bar is not appropriate." *Id*.

reasons, Plaintiff respectfully requests that the Court adopt a narrow acquisition bar that applies only to patents in the field of invention of the patents-in-suit and is limited to the Parties.

**Defendants' Position**

 A. **"Source Code" Should Include File Names And Directories For Source Code Files**

  Defendants oppose Plaintiff AGIS's proposal to exclude "the names of Source Code files or the names of directories in which such files are stored" from the definition of "Source Code" in Paragraph 8, Footnote 6.  The file names and directory paths of Source Code files are no less sensitive than the content of the files themselves.  Both reveal highly proprietary information about the designs, structures, and architectures of Defendants' accused products.  For this reason, courts have held that "anyone . . . accessing the source code computer, must treat the directories, subdirectories, and file paths of the source code as they would treat source code."  *Finjan, Inc. v. ESET, LLC*, No. 17-cv-183, slip op. at 2 (S.D. Cal. Jul. 30, 2018), ECF No. 306.

  Indeed, source Code file names and directories are created from, and reflect the contents of, source code that Defendants will be making available for inspection on standalone computers whose entire contents are designated "RESTRICTED CONFIDENTIAL SOURCE CODE." Paragraph 10 provides that Source Code made available for inspection is subject to certain protections, such as a 500-page limit on printouts and limits on electronic duplication and transmission.  Adopting AGIS's proposal, however, would mean only *some* of the information on the standalone computer (i.e., content of source code files) would be protected under Paragraph 10, while other information (i.e., file names and directories) would not.  As a result, under its proposal, AGIS could make unlimited printouts of directory and source code file listings and freely duplicate and transmit those printouts and related information, even though all that information would have been obtained from the standalone computers.

5

During meet and confers, AGIS justified its exclusion of file names and directories on grounds that Defendants allowed AGIS to take notes regarding "directory paths, file paths, names and line numbers, as necessary to identify the requested portions for printing to the producing Party" in Paragraph 10(k). But Defendants' accommodation for note-taking is not an admission that Source Code file names and directories are either not "Source Code" or less sensitive. Instead, as stated in Paragraph 10(k), Defendants' accommodation was intended solely to permit AGIS to "identify . . . portions for printing." And under Paragraph 10(k), "any such notes shall be deleted or destroyed by the producing Party." Accordingly, AGIS's proposed exclusion of file names and directories from the scope of "Source Code" should be rejected.

**B.     Disputes Regarding The Prosecution And Acquisition Bars In Paragraph 11**

**    i.     The Scope Of The Bars Should Encompass The Accused Products And Features**

"The purpose of the prosecution bar is to prevent outside counsel from using, even inadvertently, confidential information obtained in the lawsuit for purposes outside the lawsuit (e.g. drafting claims during patent prosecution)." *Visto Corp. v. Seven Networks, Inc.*, No. 2:03–CV–333–TJW, 2006 WL 3741891, at *7 (E.D. Tex. Dec. 19, 2006). To this end, Defendants propose clarifying the subject matter scope of the prosecution and acquisition bars in Paragraph 11 to preclude Plaintiff AGIS's outside attorneys from prosecuting or acquiring patents that pertain to "the accused products, services, or features of Defendants in the above-captioned cases." Defendants' addition not only accurately describes the scope of the discovery that they will produce in this action ─ it also addresses a concern that AGIS could exploit confidential information about the accused products to prosecute or acquire additional patents that it could assert against those same products in the future.

Defendants' concern is founded in AGIS's history and actions. In 2017, AGIS filed actions in this Court asserting four of the six Patents-in-Suit in this case against four customers

6

of Defendant Google: HTC, ZTE, Huawei, and LG.[4]  Before those cases ended in early 2019, AGIS had obtained confidential information regarding the *same* accused products and functionality at issue in this case: Google-supplied software applications Google Maps, Find My Device, and instant messaging applications running on smartphones and tablets.  In this case, AGIS is asserting those same four patents, plus two related patents.  And PTO records show that AGIS is currently prosecuting more continuations of the Patents-in-Suit.  Thus, Defendants propose clarifying the scope of the prosecution and acquisition bars to preclude AGIS from misusing confidential information it learns from this litigation to obtain more patent claims that attempt to read on Defendants' accused products and to support future litigation.

### ii.   AGIS's Exclusions Are Ambiguous, Find No Precedent, And Should Be Rejected

AGIS proposes two exclusions to the prosecution and acquisition bars: (1) permitting "acquisition, licensing, or any other transaction involving the patents-in-suit and/or all patents and patent applications related thereto" and (2) permitting "the acquisition of patents or patent applications for assertion against or licensing to any entity other than a party."  In meet and confers, AGIS cited no precedent for these exclusions.  Further, the first exclusion is ambiguous and circumvents the rest of the prosecution bar.  It permits "*any other transaction*" ― which could encompass prosecution ― with respect to all "*related*" patents and patent applications.  The first exclusion could thus allow AGIS to use Defendants' confidential information to acquire or prosecute *continuations* of the Patents-in-Suit that read on the accused products in this case.  But prosecution bars are intended to prevent exactly this type of exploitation of a producing party's confidential information.  *Visto*, 2006 WL 3741891, at *7.  And given AGIS's past accusations against the same Google products, Defendants have reason to believe that AGIS's

---

[4] *AGIS v. Huawei*, No. 2:17-CV-0513-JRG; *AGIS v. HTX*, No. 2:17-CV-0514-JRG; *AGIS v. LG*, No. 2:17-CV-0515-JRG; and *AGIS v. ZTE*, No. 2:17-CV-0517-JRG.

proposed exclusions are prone to misuse in the future. For these reasons, Defendants propose rejecting the first exclusion entirely, while revising the second exclusion to clarify that it is subject to the other limitations in the Protective Order and Paragraph 11.

Dated: April 20, 2020

**BROWN RUDNICK LLP**

*/s/ Alessandra Carcaterra Messing*
Alfred R. Fabricant
NY Bar No. 2219392
Email: afabricant@brownrudnick.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@brownrudnick.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@brownrudnick.com
Alessandra Carcaterra Messing
NY Bar No. 5040019
Email: amessing@brownrudnick.com
Enrique W. Iturralde
NY Bar No. 5526280
Email: eiturralde@brownrudnick.com
**BROWN RUDNICK LLP**
7 Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

Samuel F. Baxter
Texas State Bar No. 01938000
Email: sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
Email: jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

**ATTORNEYS FOR PLAINTIFF AGIS SOFTWARE DEVELOPMENT LLC**

**MANN TINDEL THOMPSON**

 /s/ J. Mark Mann
J. Mark Mann
State Bar No. 12926150
Email: Mark@themannfirm.com
G. Blake Thompson
State Bar No. 24042033
Email: Blake@themannfirm.com
**MANN TINDEL THOMPSON**
300 West Main Street
Henderson, Texas 75652
Telephone: (903) 657-8540
Facsimile: (903) 657-6003

Darin W. Snyder (*Pro Hac Vice*)
Email: dsnyder@omm.com
Luann L. Simmons (*Pro Hac Vice*)
Email: lsimmons@omm.com
Davis S. Almeling (*Pro Hac Vice*)
Email: dalmeling@omm.com
Mark Liang (*Pro Hac Vice*)
Email: mliang@omm.com
Bill Trac (*Pro Hac Vice*)
Email: btrac@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

**ATTORNEYS FOR DEFENDANTS GOOGLE LLC, SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND WAZE MOBILE LIMITED**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 20, 2020 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                             */s/ Alessandra Carcaterra Messing*
                                               Alessandra Carcaterra Messing