# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| AGIS SOFTWARE DEVELOPMENT LLC, | § § § § § § § § § § | Case No. 2:19-cv-00361-JRG **(LEAD CASE)** **JURY TRIAL DEMANDED** |
| Plaintiff, | | |
| v. | | |
| GOOGLE LLC, | | |
| Defendant. | | |
| AGIS SOFTWARE DEVELOPMENT LLC, | § § § § § § § § § § § | Case No. 2:19-cv-00359-JRG **(CONSOLIDATED CASE)** **JURY TRIAL DEMANDED** |
| Plaintiff, | | |
| v. | | |
| WAZE MOBILE LIMITED, | | |
| Defendant. | | |
| AGIS SOFTWARE DEVELOPMENT LLC, | § § § § § § § § § § § § § § | ase No. 2:19-cv-00362-JRG **(CONSOLIDATED CASE)** **JURY TRIAL DEMANDED** |
| Plaintiff, | | |
| v. | | |
| SAMSUNG ELECTRONICS CO. LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | | |
| Defendants. | | |

# DEFENDANT GOOGLE LLC'S RULE 12(B)(1)
# MOTION TO DISMISS U.S. PATENT NO. 8,213,970

## TABLE OF CONTENTS

                                                                                                                                                          **Page**

I.     INTRODUCTION .................................................................................................... 1

II.    FACTUAL BACKGROUND .................................................................................. 1

        A.     District Court Proceedings Concerning The '970 Patent's Original Claims ......... 1

        B.     EPR Proceedings And AGIS's Amendment Of The '970 Patent's Claims ........... 2

III.   LEGAL STANDARD ............................................................................................. 5

IV.   ARGUMENT .......................................................................................................... 6

        A.     The '970 Patent Should Be Dismissed Because Its Asserted Claims Were Substantively Changed During Reexamination To Cure Invalidity ...................... 6

        B.     AGIS's Potential Counterarguments Have No Merit ............................................ 9

V.    CONCLUSION ..................................................................................................... 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AGIS Software Development LLC v. Uber Techs. Inc.*,
  2:21-CV-00026 (E.D. Tex.) .................................................................................................. 9

*Bloom Eng'g. Co., Inc. v. North American Mfg. Co., Inc.*,
  29 F.3d 1247 (Fed. Cir. 1997) ........................................................................................ 8, 11

*Cancaribe Limited v. Cobra Int'l, Inc.*,
  No. CV 07-4182 GAF (Ex), 2012 WL 13001025 (C.D. Cal. Feb. 13, 2012) ........................... 9

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
  721 F.3d 1330 (Fed. Cir. 2013) .............................................................................. 1, 5, 6, 10

*Genesis Healthcare Corp. v. Symczyk*,
  569 U.S. 66 (2013) ................................................................................................................ 5

*Laitram Corp. v. NEC Corp.*,
  163 F.3d 1342 (Fed. Cir. 1998) ................................................................................... 5, 8, 11

*Laitram Corp. v. NEC Corp.*,
  952 F.2d 1357 (Fed. Cir. 1991) ....................................................................................... 5, 10

*Lemair Illumination Techs., LLC v. HTC Corp.*,
  No. 2:18-CV-00021-JRG, 2019 WL 1489065 (E.D. Tex. Apr. 4, 2019) ................................. 5

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l., Inc.*,
  No. 04-1371-LPS, 2017 WL 6206382 (D. Del. Dec. 8, 2017) ............................................... 6

*R+L Carriers, Inc. v. Qualcomm, Inc.*,
  801 F.3d 1346 (Fed. Cir. 2015) ........................................................................................ 9, 10

*ThermoLife Int'l, LLC v. Hi-Tech Pharms., Inc.*,
  No. 1:15-CV-00892-ELR, 2021 WL 4185905 (N.D. Ga. Apr. 13, 2021), *report and
  recommendation adopted*, 2021 WL 4185901 (N.D. Ga. May 5, 2021) .............................. 6, 7

**Statutes**

35 U.S.C. § 112(1) ...................................................................................................................... 10

I.      **INTRODUCTION**

AGIS's allegations based on U.S. Patent No. 8,213,970 ("'970 Patent") should be dismissed for lack of subject matter jurisdiction because AGIS substantively amended the patent's asserted claims to overcome prior art during *ex parte* reexamination ("EPR"), nearly two years after AGIS filed this case. Specifically, after the parties had already completed claim construction, fact discovery, and expert discovery in this case based on the '970 Patent's original, *pre-amendment* claims 2 and 10-13, AGIS amended those claims in parallel EPR proceedings to add features found nowhere in the original claims. The original claims of the '970 Patent were directed to a system for sending a "forced message alert" using a software application that requires the recipient to provide a "manual response" from a "response list." But to overcome the prior art raised in the EPR proceeding, AGIS amended all the asserted claims to include new limitations relating to: (1) displaying a geographical map with georeferenced entities; (2) obtaining location and status data of recipient PDA/cell phones; and (3) presenting symbols on the map corresponding to locations of recipient PDA/cell phones. Ex. 1 at 3–4, 7.

The Federal Circuit has explained that "under either the reissue or reexamination statute . . . if the original claim is cancelled or amended to cure invalidity, the patentee's cause of action is extinguished and the suit fails" for lack of subject matter jurisdiction. *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013). Because AGIS amended the '970 Patent's claims to cure invalidity, AGIS's allegations for that patent are extinguished, and this Court lacks subject matter jurisdiction over them. *Id*. The '970 Patent must thus be dismissed from this case.

II.     **FACTUAL BACKGROUND**

   A.    **District Court Proceedings Concerning The '970 Patent's Original Claims**

AGIS filed suit against Google on November 4, 2019, asserting the '970 Patent and five other patents. Dkt. 1. AGIS asserted claims 2 and 10-13 of the '970 Patent against Google. Claim

2 of the '970 Patent depends on claim 1, and claims 11-13 depend on claim 10.

The parties litigated the original, *pre*-amended claims 2 and 10-13 of the '970 Patent through the end of expert discovery, which closed on December 18, 2020. For example, the parties' infringement and invalidity contentions were based on the '970 Patent's original claims. The parties submitted *Markman* briefing based on the original claims, and the Court held a *Markman* hearing on October 30, 2021, before issuing its *Markman* order on December 8, 2020. Dkt. 147. The parties litigated the original claims of the '970 Patent through fact discovery, which closed on November 3, 2020, including by completing depositions and serving written discovery based on them. The parties also served expert reports regarding infringement and invalidity, all based on the original claims.

On February 9, 2021, three months before trial, the Court stayed this action pending resolution of EPR proceedings involving all asserted claims of the '970 Patent. Dkt. 219 at 4–5. The Court's stay order specifically noted that a stay was appropriate because the "asserted claims . . . have a high likelihood of being modified in some material way," and, thus, "there is a serious risk of wasted resources as between both the parties and the Court" if the parties continued litigating the original claims. *Id.* at 5.

### B. EPR Proceedings And AGIS's Amendment Of The '970 Patent's Claims

In parallel with the district court case, on May 15, 2020, Google filed an EPR request challenging the '970 Patent's asserted claims 2 and 10-13 as obvious in view of U.S. Patent Publication No. 2006/0218232 ("Kubala"), U.S. Patent No. 6,854,007 ("Hammond"), U.S. Patent No. 5,325,310 ("Johnson"), and U.S. Patent No. 5,742,905 ("Pepe"). On July 27, 2020, the Patent Office granted Google's EPR request and later issued a first, non-final office action rejecting the challenged claims in view of the prior art raised in Google's EPR request. Ex. 2 at 4, 23.

In the response, on June 3, 2021, AGIS added new claims 14 and 15 (reproduced below):

14. (New) The system as in claim 2, further comprising: means for displaying a geographic map with georeferenced entities on the display of the sender PDA/cell phone; means for obtaining location and status data associated with the recipient PDA/cell phone; and means for presenting a recipient symbol on the geographical map corresponding to a correct geographical location of the recipient PDA/cell phone.

15. (New) The system as in claim 10, further comprising: displaying a geographic map with georeferenced entities on the display of the sender PDA/cellphone; obtaining location and status data associated with the recipient PDA/cell phone; and presenting a recipient symbol on the geographical map corresponding to a correct geographical location of the recipient PDA/cellphone based on at least the location data.

Ex. 3 at 6–7, 22. In accompanying remarks, AGIS argued that new claims 14 and 15 were patentable over the prior art references. *Id*. at 22. In support, AGIS cited its expert's declaration, which contended that the prior art "does not teach or suggest the claimed inventions of claims 2 and 10 ***with the additional limitations*** [added in claims 14 and 15] reciting displaying a geographic map with georeferenced entities on the display of the sender PDA/cell phone, obtaining location and status data associated with the recipient PDA/cell phone, and presenting a recipient symbol on the geographical map corresponding to a correct geographical location of the recipient PDA/cell phone based on at least the location data." *Id*.; Ex. 4 at ¶ 34 (emphasis added). Thus, AGIS and its expert represented that the "additional limitations" substantively altered the scope of the '970 Patent claims to overcome prior art. *Id*.

On August 19, 2021, the Examiner issued a final office action, maintaining the rejection of claims 2 and 10-13, but finding new claims 14 and 15 patentable based on their added limitations. Ex. 5 at 11, 30, 49.

In response, on October 19, 2021, AGIS redrafted claim 2 to add the new limitations of previously proposed claim 14, as excerpted below:

. . . means for receiving and displaying a listing of which recipient PDA/cell phones

3

> have transmitted a manual response to said forced message alert and details the response from each recipient PDA/cell phone that responded; <u>and means for displaying a geographical map with georeferenced entities on the display of the sender PDA/cell phone; means for obtaining location and status data associated with the recipient PDA/cell phone; and means for presenting a recipient symbol on the geographical map corresponding to a correct geographical location of the recipient PDA/cell phone</u>, wherein the forced message alert software application program on the recipient PDA/cell phone includes: means for transmitting the acknowledgment of receipt to said sender PDA/cell phone immediately upon receiving a forced message alert from the sender PD A/cell phone . . . .

Ex. 1 at 3–4, 10.

AGIS similarly amended claim 10 by incorporating the new limitations of previously proposed claim 15, as shown below:

> . . . and providing a list of the recipient PDA/cell phones have automatically acknowledged receipt of a forced alert message and their response to the forced alert message; <u>and displaying a geographical map with georeferenced entities on the display of the sender PDA/cellphone; obtaining location and status data associated with the recipient PDA/cellphone; and presenting a recipient symbol on the geographical map corresponding to a correct geographical location of the recipient PD A/cellphone based on at least the location data</u>.

*Id*. at 6–7, 10. AGIS asserted that claims 2 and 10 as amended were patentable over the cited prior art. *Id*. at 10.

On November 15, 2021, the Examiner allowed the amended claims and issued a Notice of Intent to Issue *Ex Parte* Reexamination Certificate. *See* Ex. 6. In the Notice, the Examiner specifically identified the new limitations that AGIS added into claims 2 and 10 relating to displaying a geographical map with georeferenced entities represented by symbols and obtaining location and status data as the bases for allowance:

> The prior art cited in the Request fails to teach or fairly suggest means for obtaining location and status data associated with the recipient PDA/cell phone (i.e., the algorithm described in the '970 patent at col. 3, lines 52-67) and means for presenting a recipient symbol on the geographical map (displayed on the means for displaying . . . , i.e., on the LCD display of the sender PDA/cell phone, described in the '970 patent at col. 4, lines 12-16) corresponding to a correct geographical location of the recipient PDA/cell phone (i.e., the algorithm described in the '970 patent at col. 5, lines 28-44), in the context of independent claim 2.

> The prior art cited in the Request fails to teach or fairly suggest obtaining location and status data associated with the recipient PDA/cellphone and presenting a recipient symbol on the geographical map (displayed on the sender PDA/cell phone) corresponding to a correct geographical location of the recipient PDA/cellphone based on at least the location data, in the context of independent claim 10.

*Id*.  The Reexamination Certificate issued on December 9, 2021, and lists amended claims 2 and 10, and also claims 11-13 that depend on amended claim 10.  *See* Ex. 7.  The Examiner stated that "Claims 2 and 10-13 of U.S. Pat. 8,213,970 are patentable *as amended*."  *Id.* at 4 (emphasis added).

## III.     LEGAL STANDARD

"Since Article III of the Constitution only permits federal courts to adjudicate a case or controversy, a mooted action—which presents no case or controversy—falls outside the subject-matter jurisdiction of the federal courts."  *Lemair Illumination Techs., LLC v. HTC Corp.*, No. 2:18-CV-00021-JRG, 2019 WL 1489065, at *2 (E.D. Tex. Apr. 4, 2019) (citing *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 79 (2013)).  "[U]nder either the reissue or reexamination statute, if the PTO confirms the original claim in identical form, a suit based on that claim may continue, but if the original claim is cancelled or amended to cure invalidity, the patentee's cause of action is extinguished and the suit fails."  *Fresenius*, 721 F.3d at 1340.

"Reexamined claims are 'identical' to their original counterparts if they are 'without substantive change.'"  *Laitram Corp. v. NEC Corp.*, 163 F.3d 1342, 1346 (Fed. Cir. 1998) ("*Laitram II*").  "To determine whether a claim change is substantive it is necessary to analyze the claims of the original and the reexamined patents in light of the particular facts, including the prior art, the prosecution history, other claims, and any other pertinent information."  *Laitram Corp. v. NEC Corp.*, 952 F.2d 1357, 1362–63 (Fed. Cir. 1991) ("*Laitram I*")*.*  The Federal Circuit has explained that "it is difficult to conceive of many situations in which the scope of a rejected claim that became allowable when amended is not substantively changed by the amendment."  *Laitram*

5

*II*, 163 F.3d at 1348.

## IV. ARGUMENT

### A. The '970 Patent Should Be Dismissed Because Its Asserted Claims Were Substantively Changed During Reexamination To Cure Invalidity

AGIS's substantive amendments to the asserted claims of the '970 Patent moot its suit based on the '970 Patent, and the Court must therefore dismiss that portion of AGIS's suit. The Federal Circuit has explained that "under either the reissue or reexamination statute . . . if the original claim is cancelled or amended to cure invalidity, the patentee's cause of action is extinguished and the suit fails." *Fresenius*, 721 F.3d at 1340.

Consistent with *Fresenius*, courts regularly dismiss patents with claims that were substantively amended in parallel PTO proceedings during the litigation. For example, in *Power Integrations, Inc. v. Fairchild Semiconductor Int'l., Inc.*, the court found that it lacked subject matter jurisdiction over plaintiff's infringement allegations because the claims were amended in parallel reexamination proceedings and were not substantially identical to original claims. No. 04-1371-LPS, 2017 WL 6206382, at *2–3 (D. Del. Dec. 8, 2017). After finding that plaintiff substantively amended the claims, the court dismissed the infringement allegations, explaining that "any cause of action predicated on the original claims was extinguished when the reexamination certificate issued." *Id.* The same outcome was reached in *ThermoLife Int'l, LLC v. Hi-Tech Pharms., Inc.*, where the court dismissed plaintiff's infringement allegations for a lack of subject matter jurisdiction when the plaintiff substantively amended the claims during parallel EPRs. No. 1:15-CV-00892-ELR, 2021 WL 4185905, at *6 (N.D. Ga. Apr. 13, 2021), *report and recommendation adopted*, 2021 WL 4185901 (N.D. Ga. May 5, 2021). The court explained that "[t]he amendments to [the asserted claims] on their face, as well as the reexamination prosecution history of the claims, make it clear that the claims were substantively narrowed to avoid prior art,"

6

and "[c]ount I is moot insofar as it relies upon amended claims." *Id.*

Here, AGIS made substantive amendments to the '970 Patent's claims in response to the Examiner's prior art rejections during EPR, including those shown in underline below for claim 2:

> . . . and means for receiving and displaying a listing of which recipient PDA/cell phones have transmitted a manual response to said forced message alert and details the response from each recipient PDA/cell phone that responded;
>
> <u>and means for displaying a geographical map with georeferenced entities on the display of the sender PDA/cell phone;</u>
>
> <u>means for obtaining location and status data associated with the recipient PDA/cell phone; and</u>
>
> <u>means for presenting a recipient symbol on the geographical map corresponding to a correct geographical location of the recipient PDA/cell phone,</u>
>
> wherein the forced message alert software application program on the recipient PDA/cell phone includes: means for transmitting the acknowledgment of receipt to said sender PDA/cell phone immediately upon receiving a forced message alert from the sender PDA/cell phone . . .

Ex. 1 at 3–4. AGIS also amended claim 10 to add substantially identical limitations. *Id.* at 6–7. These amendments render claims 2 and 10-13 substantially different from their original form. The originally issued claims made no mention of at least (1) a "map," (2) "georeferenced entities," (3) "location data," (4) "status data," (5) "symbol," or (6) symbols placed on a map corresponding to a geographical location.

AGIS's arguments accompanying its amendments confirm that the amendments are substantive and that they were made to cure invalidity. AGIS and its expert represented to the Patent Office that the prior art "does not teach or suggest the claimed inventions of claims 2 and 10 ***with the additional limitations*** reciting displaying a geographical map with georeferenced entities on the display of the sender PDA/cell phone, obtaining location and status data associated with the recipient PDA/cell phone, and presenting a recipient symbol on the geographical map corresponding to a correct geographical location of the recipient PDA/cell phone based on at least

the location data." Ex. 4 at ¶ 34 (emphasis added). And after two prior rejections of the original claims, the Examiner finally agreed to allow the claims only after AGIS added those "additional limitations" to claims 2 and 10. *See* Ex. 6 at 3. Indeed, the Examiner specifically quoted and identified the added limitations as the basis for allowing amended claims 2 and 10-13. *Id.*

On similar records, courts have consistently found that amendments made to cure invalidity are substantive. In *Laitram II*, the Federal Circuit explained that "it is difficult to conceive of many situations in which the scope of a rejected claim that became allowable when amended is not substantively changed by the amendment." 163 F.3d at 1348. The Federal Circuit found that the claims at issue in that case were substantively changed because "the original claims appear to cover a printer or method of printing which generates any quality of alphanumeric characters, while the amended claims seem to cover only a printing apparatus or method of printing which generates 'type quality' alphanumeric characters." *Id*. Most significantly, the court explained that "the addition of the 'type quality' limitation, along with the other amendments, resulted in the allowance of claims that had been rejected in the reexamination proceeding over prior art; this is a highly influential piece of prosecution history." *Id.*

In *Bloom Eng'g. Co., Inc. v. North American Mfg. Co., Inc.*, the Federal Circuit likewise found the patentee's amendment was substantive and made to cure invalidity because "[t]he amendment narrowed the claims to exclude an injected gas stream that includes combustion air, and to require a separate combustion air stream," and "[t]his change was necessary in order to distinguish Bloom's injected stream from that shown in the [prior art] patent." 29 F.3d 1247, 1250 (Fed. Cir. 1997). In *R+L Carriers, Inc. v. Qualcomm, Inc.*, the Federal Circuit found R+L's amendment after the PTO rejected an original claim over the prior art was substantive and made to cure invalidity because "[t]he examiner expressly stated he was allowing amended claim 1

8

[based on the amendment]." 801 F.3d 1346, 1349–51 (Fed. Cir. 2015). And in *Cancaribe Limited v. Cobra Int'l, Inc.*, the district court found an amendment substantive and made to cure invalidity because it (1) "was made expressly to address the Examiner's finding of obviousness," (2) "the Examiner's Interview Summary indicates that the change was discussed to 'avoid the prior art of record,'" and (3) "the Notice of Intent explained that amended Claim 9 was 'allowable because . . . none of the references of record disclose or teach [the new limitations].'" No. CV 07-4182 GAF (Ex), 2012 WL 13001025, at *6 (C.D. Cal. Feb. 13, 2012).

Accordingly, the '970 Patent must be dismissed because its asserted claims 2 and 10-13 were substantively amended during reexaminations to cure invalidity. Permitting AGIS to assert the substantively amended claims now—at this late stage of the case just four months before trial—would violate all the precedents cited above and also prejudice Google, which litigated the original, pre-amended claims of the '970 Patent through *Markman*, fact discovery, and expert discovery.

### B. AGIS's Potential Counterarguments Have No Merit

In a parallel AGIS litigation involving the '970 Patent, a defendant, Uber Technologies, Inc. ("Uber"), also moved to dismiss the '970 Patent for lack of subject matter jurisdiction due to the same substantive amendments. *See* Dkt. 248, *AGIS Software Development LLC v. Uber Techs. Inc.*, 2:21-CV-00026 (E.D. Tex. Jan. 29, 2021). In response to Uber's motion, AGIS raised three counterarguments: (1) the added limitations did not substantively change the claim scope; (2) each of the new limitations have written description support in the '970 Patent's specification; and (3) Uber did not present expert testimony to support a substantive change in claim scope. *Id.* at Dkt. 304.[1] None of AGIS's counterarguments have merit.

AGIS's first counterargument is contrary to well-established precedent as detailed in

---

[1] Uber and AGIS filed a notice of settlement during the pendency of Uber's motion. Dkt. 354, *AGIS Software Development LLC v. Uber Techs. Inc.*, 2:21-CV-00026 (E.D. Tex. Jan. 29, 2021).

Section IV.A. AGIS added several features never found in the original claims, including a geographical map, georeferenced entities, obtaining location and status data, and symbols placed on a map, and specifically cited those added features as the bases for allowing the amended claims over prior art. *See, e.g.*, Ex. 3 at 22 (representing that the prior art that the Examiner cited to reject the original claims did not teach the claimed inventions of claims 2 and 10 "with the additional limitations" added during the EPR). And courts have consistently found such amendments made to cure invalidity are substantive. *See supra* Section IV.A.

AGIS's second potential counterargument is wholly irrelevant. The question before the Court is not whether the specification supports the new limitations pursuant to 35 U.S.C. § 112(1). The inquiry, instead, is whether AGIS changed the scope of the claims by amending the claims to add features found in the specification but not previously claimed. *See Fresenius*, 721 F.3d at 1340 ("[I]f the original claim is cancelled or amended to cure invalidity, the patentee's cause of action is extinguished and the suit fails"); *Laitram I*, 952 F.2d at 1362–63 ("To determine whether a claim change is substantive it is necessary to analyze the claims of the original and the reexamined patents . . . ."). Clearly, AGIS did so by adding limitations reciting (1) "a geographical map with georeferenced entities on the display of the sender PDA/cell phone;" (2) "obtaining location and status data associated with the recipient PDA/cell phone;" (3) "presenting a recipient symbol on the geographical map corresponding to a correct geographical location of the recipient PDA/cell phone"—all of which are features AGIS never previously claimed. Ex. 1 at 3–4, 7.

AGIS's third counterargument fails because no expert testimony is required to establish the change in scope. In *R+L Carriers, Inc. v. Qualcomm, Inc.*, the Federal Circuit performed a "normal claim construction analysis"—without any expert input—to conclude that the patentee had substantively narrowed the claims in reexamination. 801 F.3d at 1350–51. And in *Bloom*

10

*Eng'g. Co., v. North American Mfg. Co., Inc.*, the Federal Circuit—again without any expert input—concluded that the patentee's amendment during reexamination substantively narrowed the claims. 129 F.3d at 1251. Moreover, in *Laitram II*, the Federal Circuit, relied on claim language and arguments the patentee made during prosecution (similar to those that AGIS made here)—but not on expert testimony—to conclude the patentee substantively amended the claims. 163 F.3d at 1348–49. Accordingly, expert testimony is not required, particularly here, where the Examiner allowed the claims only after AGIS added the many new, substantive limitations that the Examiner specifically quoted and identified as the basis for overcoming prior art. *See* Ex. 6 at 3.

## V. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court dismiss AGIS's claims and allegations as to the '970 Patent for lack of subject matter jurisdiction.

February 16, 2022

/s/ J. Mark Mann
J. Mark Mann
State Bar No. 12926150
Email:  Mark@themannfirm.com
G. Blake Thompson
State Bar No. 24042033
Email:  blake@themannfirm.com
**MANN TINDEL THOMPSON**
201 E. Howard St.
Henderson, Texas 75654
Telephone:  (903) 657-8540
Facsimile:  (903) 657-6003

Darin W. Snyder (*Pro Hac Vice*)
Email:  dsnyder@omm.com
Luann L. Simmons (*Pro Hac Vice*)
Email:  lsimmons@omm.com
Davis S. Almeling (*Pro Hac Vice*)
Email:  dalmeling@omm.com
Mark Liang (*Pro Hac Vice*)
Email:  mliang@omm.com
Bill Trac (*Pro Hac Vice*)

11

          Email:  btrac@omm.com
          **O'MELVENY & MYERS LLP**
          Two Embarcadero Center, 28th Floor
          San Francisco, CA 94111
          Telephone:  (415) 984-8700
          Facsimile:  (415) 984-8701

          ***ATTORNEYS FOR DEFENDANTS GOOGLE LLC, SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service on February 16, 2022.

          */s/ J. Mark Mann*
          J. Mark Mann