IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| AGIS SOFTWARE DEVELOPMENT LLC,<br><br>      **Plaintiff**,<br><br>  v.<br><br>GOOGLE LLC,<br><br>      **Defendant**. | CIVIL ACTION NO. 2:19-cv-361-JRG<br><br>JURY TRIAL DEMANDED |

**DEFENDANT GOOGLE LLC'S MOTION FOR SUMMARY JUDGMENT OF ABSOLUTE INTERVENING RIGHTS**

**TABLE OF CONTENTS**

I. STATEMENT OF UNDISPUTED MATERIAL FACTS ................................................. 1
II. STATEMENT OF DISPUTED ISSUE TO BE DECIDED ............................................. 4
III. LEGAL STANDARD ........................................................................................................ 4
IV. ARGUMENT ..................................................................................................................... 6
    A. Absolute Intervening Rights Applies to the '970 Patent's Asserted Claims ......... 6
        1. The Asserted Claims Are "Amended or New" ........................................... 6
        2. AGIS Substantively Changed the Claims' Scope ...................................... 6
    B. The Accused Products Are Subject to Absolute Intervening Rights ..................... 8
V. CONCLUSION .................................................................................................................. 9

# TABLE OF AUTHORITIES

**CASES**

*Anderson v. Liberty Lobby, Inc.*,
 477 U.S. 242 (1986) .................................................................................................. 4

*Byers v. Dallas Morning News, Inc.*,
 209 F.3d 419 (5th Cir. 2000) ..................................................................................... 4

*Celotex Corp. v. Catrett*,
 477 U.S. 317 (1986) .................................................................................................. 4

*Laitram Corp. v. NEC Corp.*,
 163 F.3d 1342 (Fed. Cir. 1998) ............................................................................. 5, 7

*Marine Polymer Techs., Inc. v. HemCon, Inc.*,
 672 F.3d 1350 (Fed. Cir. 2012) ............................................................................. 1, 5

*Moayedi v. Compaq Computer Corp.*,
 98 F. App'x 335 (5th Cir. 2004) ............................................................................ 4, 5

*Sonos, Inc. v. D&M Holdings, Inc.*,
 287 F. Supp. 3d 533 (D. Del. 2017) .......................................................................... 8

*U.S. v. Lawrence*,
 276 F.3d 193 (5th Cir. 2001) ..................................................................................... 5

*Vocalife LLC v. Amazon.com, Inc.*,
 No. 2:19-CV-00123-JRG, 2020 WL 4732189 (E.D. Tex. Aug. 14, 2020) ............ 7, 8

**STATUTES**

35 U.S.C. § 252 ................................................................................................................ 1

35 U.S.C. § 316(b) ........................................................................................................... 5

**RULES**

Fed. R. Civ. P. 56(a) ........................................................................................................ 4

Two years after AGIS filed this suit against Google, and even more years after Google began making and selling the accused products, AGIS amended the claims of U.S. Patent No. 8,213,970 ("'970 Patent") to overcome prior art in parallel *ex parte* reexamination ("EPR") proceedings. AGIS amended every asserted claim to add new limitations requiring: (1) "displaying a geographical map with georeferenced entities on the display of the sender PDA/cellphone;" (2) "obtaining location and status data associated with the recipient PDA/cellphone;" and (3) "presenting a recipient symbol on the geographical map corresponding to a correct geographical location of the recipient PDA/cellphone based on at least the location data." Ex. 1 at 3–4, 7.

AGIS's substantive amendments[1] limit its damages under the doctrine of absolute intervening rights. 35 U.S.C. § 252. The doctrine of intervening rights was designed to prevent "gross injustice" when, as here, "a third party, having already begun to make, use, or sell a given article, finds its previously lawful activities rendered [allegedly] newly infringing under a modified patent." *Marine Polymer Techs., Inc. v. HemCon, Inc.*, 672 F.3d 1350, 1361 (Fed. Cir. 2012). Accordingly, Google requests that the Court enter summary judgment in its favor on its absolute intervening rights defense.

**I.     STATEMENT OF UNDISPUTED MATERIAL FACTS**

1.     AGIS filed suit against Google on November 4, 2019, asserting claims 2 and 10-13 of the '970 Patent. Dkt. 1. Claim 2 of the '970 Patent depends on claim 1, and claims 11-13 depend on claim 10.

2.     On May 15, 2020, Google filed an EPR request challenging the '970 Patent's asserted claims 2 and 10-13 as obvious in view of U.S. Patent Publication No. 2006/0218232

---

[1] Based on these substantive amendments, Google also filed a motion to dismiss the '970 Patent under Rule 12(b)(1). Dkt. 249.

1

("Kubala"), U.S. Patent No. 6,854,007 ("Hammond"), U.S. Patent No. 5,325,310 ("Johnson"), and U.S. Patent No. 5,742,905 ("Pepe").

3. On July 27, 2020, the Patent Office granted Google's EPR request and later issued a non-final office action rejecting all challenged claims in view of the prior art raised in Google's EPR request. Ex. 2 at 4, 23.

4. On June 3, 2021, AGIS amended the claims by adding new claims 14 and 15 (reproduced below):

> 14. (New) The system as in claim 2, further comprising: means for displaying a geographic map with georeferenced entities on the display of the sender PDA/cell phone; means for obtaining location and status data associated with the recipient PDA/cell phone; and means for presenting a recipient symbol on the geographical map corresponding to a correct geographical location of the recipient PDA/cell phone.
>
> 15. (New) The system as in claim 10, further comprising: displaying a geographic map with georeferenced entities on the display of the sender PDA/cellphone; obtaining location and status data associated with the recipient PDA/cell phone; and presenting a recipient symbol on the geographical map corresponding to a correct geographical location of the recipient PDA/cellphone based on at least the location data. Ex. 3 at 6–7, 22.

5. In its accompanying remarks, AGIS cited its expert's declaration, which stated that the prior art "does not teach or suggest the claimed inventions of claims 2 and 10 with the additional limitations [added in claims 14 and 15] reciting displaying a geographic map with georeferenced entities on the display of the sender PDA/cell phone, obtaining location and status data associated with the recipient PDA/cell phone, and presenting a recipient symbol on the geographical map corresponding to a correct geographical location of the recipient PDA/cell phone based on at least the location data." *Id.*; Ex. 4 at ¶ 34.

6. On August 19, 2021, the Examiner issued a final office action, maintaining the rejection of claims 2 and 10–13, but finding new claims 14 and 15 patentable. Ex. 5 at 11, 30, 49.

2

7. On October 19, 2021, AGIS redrafted claim 2 to add the limitations of previously proposed claim 14, as shown below:

> . . . means for receiving and displaying a listing of which recipient PDA/cell phones have transmitted a manual response to said forced message alert and details the response from each recipient PDA/cell phone that responded; <u>and means for displaying a geographical map with georeferenced entities on the display of the sender PDA/cell phone; means for obtaining location and status data associated with the recipient PDA/cell phone; and means for presenting a recipient symbol on the geographical map corresponding to a correct geographical location of the recipient PDA/cell phone</u>, wherein the forced message alert software application program on the recipient PDA/cell phone includes: means for transmitting the acknowledgment of receipt to said sender PDA/cell phone immediately upon receiving a forced message alert from the sender PD A/cell phone . . . .

Ex. 1 at 3–4, 10.

8. AGIS also amended claim 10 by incorporating the limitations of previously proposed claim 15, as shown below:

> . . . and providing a list of the recipient PDA/cell phones have automatically acknowledged receipt of a forced alert message and their response to the forced alert message; <u>and displaying a geographical map with georeferenced entities on the display of the sender PDA/cellphone; obtaining location and status data associated with the recipient PDA/cellphone; and presenting a recipient symbol on the geographical map corresponding to a correct geographical location of the recipient PD A/cellphone based on at least the location data</u>.

*Id*. at 6–7, 10.

9. On November 15, 2021, the Examiner allowed the amended claims and issued a Notice of Intent to Issue *Ex Parte* Reexamination Certificate. *See* Ex. 6. In the Notice, the Examiner stated:

> The prior art cited in the Request fails to teach or fairly suggest means for obtaining location and status data associated with the recipient PDA/cell phone (i.e., the algorithm described in the '970 patent at col. 3, lines 52-67) and means for presenting a recipient symbol on the geographical map (displayed on the means for displaying . . . , i.e., on the LCD display of the sender PDA/cell phone, described in the '970 patent at col. 4, lines 12-16) corresponding to a correct geographical location of the recipient PDA/cell phone (i.e., the algorithm described in the '970 patent at col. 5, lines 28-44), in the context of independent claim 2.

> The prior art cited in the Request fails to teach or fairly suggest obtaining location and status data associated with the recipient PDA/cellphone and presenting a recipient symbol on the geographical map (displayed on the sender PDA/cell phone) corresponding to a correct geographical location of the recipient PDA/cellphone based on at least the location data, in the context of independent claim 10.

*Id*. at 3.

10. The *Ex Parte* Reexamination Certification issued on December 9, 2021, and lists the amended, asserted claims 2 and 10 and also claims 11-13 that depend on amended claim 10. *See* Ex. 7.

## II.   STATEMENT OF DISPUTED ISSUE TO BE DECIDED

Whether AGIS substantively amended the '970 Patent's claims during EPR proceedings, such that under the doctrine of absolute intervening rights, AGIS cannot seek damages based on acts that occurred before the reexamination certificate issued on December 9, 2021, including for products that were made, used, sold, imported, or offered for sale before that date.

## III.   LEGAL STANDARD

A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute of fact is "genuine" only if evidence presented "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where the nonmovant bears the burden of proof, the movant may discharge its burden on summary judgment by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424. No "mere denial of material

facts nor . . . unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will carry this burden. *Moayedi v. Compaq Computer Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). Rather, the court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment. *U.S. v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001).

Under the doctrine of absolute intervening rights, "[a] patentee of a reexamined patent is entitled to infringement damages, *inter alia*, for the period between the date of issuance of the original claims and the date of issuance of the reexamined claims" only if "the original and reexamined claims are 'identical.'" *Laitram Corp. v. NEC Corp.*, 163 F.3d 1342, 1346 (Fed. Cir. 1998). The "threshold" question for intervening rights is whether the claims are "amended or new." *Marine Polymer*, 672 F.3d at 1363; *see also* 35 U.S.C. § 316(b). After the threshold determination has been made as to whether the claims are "amended or new," the court must then analyze whether the scope of the claims was substantively changed during reexamination. *See Laitram*, 163 F.3d at 1346. "[I]n determining whether substantive changes have been made, we must discern whether the scope of the claims are identical, not merely whether different words are used." A substantive change in claim scope occurs when the applicant narrows the claims through amendment. *Id.* at 1348. It also occurs through arguments that the patent owner makes to distinguish the claims from the prior art. *See Marine Polymer*, 672 F.3d at 1365.

Although the principals governing intervening rights originated in the context of reissue proceedings, they were later extended to re-examination. *Id.* at 1362; 35 U.S.C. § 316(b). "Thus, after a patent emerges from reexamination, the statute makes available absolute intervening rights . . . to the same extent provided in the reissue statute, but only with respect to 'amended or new' claims in the reexamined patent." *Marine Polymer*, 672 F.3d at 1362.

5

IV.     ARGUMENT

    A.     **Absolute Intervening Rights Applies to the '970 Patent's Asserted Claims**

        1.     **The Asserted Claims Are "Amended or New"**

The "threshold" requirement that claims be "amended or new" is met for each asserted claim of the '970 Patent. AGIS amended the claims after the Examiner rejected them during EPR. Indeed, after the Patent Office issued a final rejection of claims 2 and 10-13, AGIS amended the claims to include new limitations, as shown below:

> . . .
> and means for receiving and displaying a listing of which recipient PDA/cell phones have transmitted a manual response to said forced message alert and details the response from each recipient PDA/cell phone that responded;
>
> <u>and means for displaying a geographical map with georeferenced entities on the display of the sender PDA/cell phone;</u>
>
> <u>means for obtaining location and status data associated with the recipient PDA/cell phone; and</u>
>
> <u>means for presenting a recipient symbol on the geographical map corresponding to a correct geographical location of the recipient PDA/cell phone,</u>
>
> wherein the forced message alert software application program on the recipient PDA/cell phone includes: means for transmitting the acknowledgment of receipt to said sender PDA/cell phone immediately upon receiving a forced message alert from the sender PDA/cell phone
> . . .

Ex. 1 at 3–4. AGIS also amended claim 10 to add substantially identical limitations. *Id.* at 6–7.

        2.     **AGIS Substantively Changed the Claims' Scope**

AGIS's amendments substantively changed the scope of every asserted claim of the '970 Patent. The original claims were directed to a system for sending a "forced message alert" using a software application that requires the recipient to provide a "manual response" from a "response list." *E.g.*, Ex. 7, Cl. 2. But the new, amended claims are narrower. They require: (1) "displaying a geographical map with georeferenced entities on the display of the sender PDA/cellphone;" (2)

"obtaining location and status data associated with the recipient PDA/cellphone;" and (3) "presenting a recipient symbol on the geographical map corresponding to a correct geographical location of the recipient PDA/cellphone based on at least the location data." *Id.* None of these limitations were included in the original claims, making the original and new claims not identical.

AGIS's arguments accompanying its amendments confirm that they were intended to overcome the prior art and are thus substantive. AGIS and its expert asserted that the prior art "does not teach or suggest the claimed inventions of claims 2 and 10 **with the additional limitations** reciting displaying a geographical map with georeferenced entities on the display of the sender PDA/cell phone, obtaining location and status data associated with the recipient PDA/cell phone, and presenting a recipient symbol on the geographical map corresponding to a correct geographical location of the recipient PDA/cell phone based on at least the location data." Ex. 4 at ¶ 34 (emphasis added). And the Examiner only agreed to allow the claims after AGIS added those "additional limitations." *See* Ex. 6 at 3.

The Federal Circuit has explained that "it is difficult to conceive of many situations in which the scope of a rejected claim that became allowable when amended is not substantively changed by the amendment." *Laitram*, 163 F.3d at 1348. In *Laitram*, the Federal Circuit found that amendments made during reexamination to cure invalidity were substantive because "significantly, [] the addition of [a] 'type quality' limitation, along with the other amendments, resulted in the allowance of claims that had been rejected in the reexamination proceeding over prior art; this is a highly influential piece of prosecution history." *Id.*

This Court reached the same conclusion in *Vocalife LLC v. Amazon.com, Inc.*, where the applicant amended every asserted claim during prosecution of a reissue application to include a limitation relating to DSPs reciting "wherein said sound source localization unit, said adaptive

7

beamforming unit, and said noise reduction unit are integrated in a digital processor." No. 2:19-CV-00123-JRG, 2020 WL 4732189, at *1 (E.D. Tex. Aug. 14, 2020). At the hearing, the Court questioned whether the plaintiff could "realistically dispute that the claims that came out of the reissue are not substantially identical," and the Court found that "it is clear that the claims of the '049 Patent are substantively changed from the '756 Patent." *Id.* at *4. Likewise here, AGIS cannot realistically dispute that the '970 Patent's claims are substantially different, as every claim was amended to add new features relating to geographical maps, obtaining status and location data, and presenting symbols on geographical maps.

To the extent AGIS argues that absolute intervening rights do not apply to claim 10 of the '970 Patent because it is a method claim, this Court has rejected that argument. In *Vocalife*, the Court found instructive Judge Bryson's opinion in *Sonos, Inc. v. D&M Holdings, Inc.*, 287 F. Supp. 3d 533 (D. Del. 2017) on this very issue. 2020 WL 4732189, at *4. In *Sonos*, Judge Bryson explained that "[t]he statutory protection offered by absolute intervening rights does not depend on whether the claims at issue are apparatus or method claims." 287 F. Supp. 3d at 539. Rather, "absolute intervening rights extend to the 'specific thing' that was made, purchased, offered for sale, used, or imported before the issuance of the reissued or reexamined claims." *Id.* Following Judge Bryson, this Court in *Vocalife* held that "absolute intervening rights are not so limited as Vocalife contends," and as such, "absolute intervening rights for the alleged infringement of method claims may apply to the accused products." 2020 WL 4732189, at *5.

Accordingly, AGIS's amendments substantively changed the scope of the claims, and intervening rights limits AGIS's damages claims.

### B. The Accused Products Are Subject to Absolute Intervening Rights

Absolute intervening rights apply to Google's alleged infringing acts for all accused products made, used, sold, imported, or offered for sale prior to December 9, 2021, when the

8

reexamination certificate issued.  Based on AGIS's allegations, those products include at least:[2]

| '970 Patent Accused Products |
|---|
| Android-based phones, tablets, smartwatches, Nexus S, Galaxy Nexus, Nexus 4, Nexus 5, Nexus 6, Nexus 5X, Nexus 6P, Nexus 7 1st Gen., Nexus 7 2nd Gen., Nexus 10, Pixel, Pixel XL, Pixel 2, Pixel 2 XL, Pixel 3, Pixel 3 XL, Pixel 3a, Pixel 3a XL, Pixel 4, Pixel 4a, Pixel 4 XL Pixel C, Chromebook Pixel, Google Pixelbook, Google Pixelbook Go, Pixel Slate, Android One Smartphones (e.g. the Motorola Moto X4, Motorola One Power, Motorola One, Motorola One Action, Xiaomi Mi A1, Xiaomi Mi A2, Xiaomi Mi A3, Nokia 2.3, Nokia 6.2, Nokia 7.2, Nokia 3.2, Nokia 2.2, Nokia 4.2, Nokia X71, Nokia 3.1 Plus, Nokia 5.1 Plus, Nokia 3.1, Nokia 6.1, Nokia 7 Plus, Nokia 8.1, Nokia 7.1, Nokia 6.1 Plus, Nokia 5.1, and Nokia 8 Sirocco), Android Go Smartphones, and any variants thereof made, used, sold, offered for sale, or imported during and after 2013; the following versions (and all intervening updates and sub-versions) of the Android mobile operating systems: Android 1.5 (Cupcake); Android 1.6 (Donut); Android 2.0 (Éclair); Android 2.2 (Froyo); Android 2.3 (Gingerbread); Android 3.0 (Honeycomb); Android 4.0 (Ice Cream Sandwich); Android 4.1 (Jelly Bean); Android 4.4 (KitKat); Android 5.0 (Lollipop); Android 6.0 (Marshmallow); Android 7.0 (Nougat); Android 8.0 (Oreo); Android 9 (Pie); Android 10; Android 11; Android One; Android Go; and any variants thereof made, used, sold, offered for sale, or imported during and after 2013; the following Android-based applications and/or software: Google Maps, Find My Device (formerly Android Device Manager), Messages, Android Messenger, Hangouts, Google Plus, Google Latitude, Google Play Protect, Google Chrome, and any variants thereof made, used, sold, offered for sale, or imported during and after 2013; Accused Infrastructures, such as servers and supporting computer systems associated with the Accused Services, and any variants thereof made, used, sold, offered for sale, or imported during and after 2013. |

Attachment A, Expert Report of Joseph C. McAlexander III Regarding Infringement of U.S. Patent Numbers: 8,213,970; 9,408,055, 9,445,251; 9,467,838; 9,749,829; and 9,820,123.

## V.      CONCLUSION

For the foregoing reasons, Google requests that the Court grant Google's motion for summary judgment and bar AGIS from claiming infringement and damages under the doctrine of absolute intervening rights for allegedly infringing acts occurring before the Patent Office issued the *Ex Parte* Reexamination Certification for the '970 Patent on December 9, 2021, including for products made, used, sold, imported, or offered for sale.

---

[2] While Google has identified the products above, identification is unnecessary when, as here, "it is clear that the identification of a date alone allows the parties to determine which products are subject to intervening rights." *Vocalife*, 2020 WL 4732189, at *6

Dated: February 28, 2022							Respectfully Submitted,

                     */s/ G. Blake Thompson*
                     **G. Blake Thompson**
State Bar No. 24042033
Email: Blake@TheMannFirm.com
**J. Mark Mann**
State Bar No. 12926150
Email: Mark@TheMannFirm.com
**MANN | TINDEL | THOMPSON**
201 E. Howard Street
Henderson, Texas 75654
Telephone: (903) 657-8540
Facsimile: (903) 657-6003

Darin W. Snyder (*Pro Hac Vice*)
Email: dsnyder@omm.com
Luann L. Simmons (*Pro Hac Vice*)
Email: lsimmons@omm.com
Davis S. Almeling (*Pro Hac Vice*)
Email: dalmeling@omm.com
Mark Liang (*Pro Hac Vice*)
Email: mliang@omm.com
Bill Trac (*Pro Hac Vice*)
Email: btrac@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

***ATTORNEYS FOR DEFENDANT GOOGLE LLC***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service on February 28, 2022.

*/s/ G. Blake Thompson*
**G. Blake Thompson**
