IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| AGIS SOFTWARE DEVELOPMENT LLC, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | § § § § § § § § § § § § | Case No. 2:19-cv-00361-JRG <br><br><br> JURY TRIAL DEMANDED |
| AGIS SOFTWARE DEVELOPMENT LLC, <br><br> Plaintiff, <br><br> v. <br><br> WAZE MOBILE LIMITED, <br> Defendant. | § § § § § § § § § § § § | Case No. 2:19-cv-00359-JRG <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF
NON-INFRINGEMENT FOR LICENSED PRODUCTS AND USERS**

**TABLE OF CONTENTS**

Page

I. STATEMENT OF UNDISPUTED MATERIAL FACTS ................................................. 2
    A.    AGIS's Prior Lawsuits And Settlements ................................................................. 2
    B.    AGIS's Damages Theories Include Users Of Licensed Devices .......................... 5
II. STATEMENT OF DISPUTED ISSUES TO BE DECIDED ........................................... 6
III. LEGAL STANDARD ........................................................................................................ 6
IV. ARGUMENT: LICENSED DEVICES AND USERS CANNOT INFRINGE ............... 7
V. CONCLUSION ................................................................................................................ 11

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
　477 U.S. 242 (1986) .................................................................................................................. 7

*Celotex Corp. v. Catrett*,
　477 U.S. 317 (1986) .................................................................................................................. 6

*Cyrix Corp. v. Intel Corp.*,
　879 F. Supp. 666 (E.D. Tex. 1995) ........................................................................................... 7

*FireBlok IP Holdings, LLC v. Hilti, Inc.*,
　No. 2:19-cv-23-RWS-RSP, 2020 WL 1899620 (E.D. Tex. Jan. 20, 2020) ............................... 7

*GMG Capital Invs., LLC v. Athenian Venture Partners I, L.P.*,
　36 A.3d 776 (Del. 2012) ........................................................................................................... 7

*North Shore Energy, LLC v. Hawkins*,
　501 S.W. 598 (Tex. 2016) ......................................................................................................... 7

*Oyster Optics, LLC v. Infinera Corp.*,
　No. 2:18-CV-00206-JRG, 2019 WL 2603173 (E.D. Tex. Jun. 25, 2019) ................................ 8

*STMicroelectronics, Inc. v. Sandisk Corp.*,
　NEC.  No. 4:05CV44, 2006 WL 1737436 (E.D. Tex. June 23, 2006) ..................................... 8

*Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc.*,
　103 F.3d 1571 (Fed. Cir. 1997). ............................................................................................... 7

**Rules**

Fed. R. Civ. P. 56(a) ........................................................................................................................ 6

Defendants Google LLC ("Google") and Waze Mobile Limited ("Waze") move for partial summary judgment of non-infringement for products and users licensed under prior settlement agreements entered into by Plaintiff AGIS Software Development LLC ("AGIS"). In 2019, AGIS settled five patent lawsuits against Apple, HTC, Huawei, ZTE, and LG (collectively, "AGIS Licensees"). ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ As a matter of law, the users of those licensed devices were released from AGIS's claims of infringement as well.

In complete disregard of its prior settlements, AGIS has included users of the AGIS Licensees' devices in its proposed reasonable royalty bases for Google and Waze. While AGIS's damages expert Alan Ratliff expressly acknowledges this, he attempts to justify this double recovery by opining that the licenses should not apply to Google or Waze, because they purportedly receive "backend" benefits from the end users' use of the accused software (Google Maps, Find My Device, Waze, and Waze Carpool) on the Licensed Devices. But Mr. Ratliff's assertion, even if true, has no basis in the law: devices and users that were licensed under AGIS's prior settlement agreements cannot infringe and therefore cannot add to a royalty base against Google or Waze ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Accordingly, the Court should grant partial summary judgment of non-infringement for users of the Licensed Devices of AGIS Licensees, and the Court should order that they be excluded from AGIS's damages base.

I. **STATEMENT OF UNDISPUTED MATERIAL FACTS**

    A. **AGIS's Prior Lawsuits And Settlements**

    1.    On June 21, 2017, AGIS filed lawsuits in this Court against the AGIS Licensees (Apple, HTC, LG, Huawei, and ZTE) alleging infringement of AGIS's patents based on the AGIS Licensees' mobile devices running certain software.  Exs. 8-12 (Complaints).  For HTC, LG, Huawei, and ZTE, AGIS alleged infringement based on their devices running software supplied to them by Google, including Google Maps and Find My Device.  Exs. 9-12.

    2.    In 2019, AGIS entered into a separate settlement agreement with each AGIS Licensee, in which AGIS licensed its entire patent portfolio, including the patents asserted in this litigation.  Exs. 3-7.

    3.    <u>Apple Agreement (Ex. 3)</u>: ███████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████.

    4.    ███████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
██████████████

    5.    ███████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████

███████████████████████████████████████████████

██████████

  6. <u>HTC Agreement (Ex. 4)</u>: ████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████

  7. ████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████

  8. <u>Huawei Agreement (Ex. 5)</u>: ████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

  9. ██████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███

10. ████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████

11. <u>LG Agreement (Ex. 6)</u>: ████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

12. ████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████

13. █████████████████████████████████████████

14. <u>ZTE Agreement (Ex. 7)</u>: █████████████████████████

    **B.**   **AGIS's Damages Theories Include Users Of Licensed Devices**

15. On November 10, 2020, AGIS submitted a report from its damages expert, Mr. Ratliff, against each of Google and Waze. Ex. 1 (Ratliff Google Report); Ex. 2 (Ratliff Waze Report).

16. The Ratliff Google Report computes an alleged reasonable royalty for Google using a royalty base that includes all users of devices running Google Maps and Find My Device. Ex. 1 at ¶143. While acknowledging AGIS's settlement agreements, the report states that its damages base includes users of licensed devices of the "Android Device Makers" (i.e., LG, HTC, Huawei, and ZTE) because Google derives "backend monetization" benefits not captured by the "damages claims against the Android Device Makers." *Id*. at ¶147. The report also concedes that users of licensed Apple devices should be excluded from the royalty base, but it nonetheless provides an

alternative calculation that includes Apple users. *Id*. at ¶146. █████████████

███████████████████████████████████████

█████████████████████████████

17. The Ratliff Waze Report computes an alleged reasonable royalty for Waze using a royalty base that includes all users of devices running the Waze application. Ex. 2 at ¶88. While acknowledging AGIS's settlement agreements, the report states that its damages base includes users of licensed devices of the "Android Device Makers" (i.e., LG, HTC, Huawei, and ZTE) because Waze derives "backend monetization" benefits not captured by the "damages claims against the Android Device Makers." *Id*. at ¶93. The report also concedes that users of licensed Apple devices should be excluded from the royalty base, but it nonetheless provides an alternative calculation that includes Apple users. *Id*. at ¶91-92. ████████████████

███████████████████████████████████████

████████████████████████████████.

## II. STATEMENT OF DISPUTED ISSUES TO BE DECIDED

1. Whether devices of Apple, ZTE, Huawei, HTC, and LG, and end users of those devices should be found not infringing and therefore excluded from AGIS's claimed reasonable royalty against Google based on AGIS's prior settlement agreements.

2. Whether devices of Apple, ZTE, Huawei, HTC, and LG, and end users of those devices should be found not infringing and therefore excluded from AGIS's claimed reasonable royalty against Waze based on AGIS's prior settlement agreements.

## III. LEGAL STANDARD

A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute of fact is "genuine" only if evidence

presented "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A patentee is barred from seeking damages for a party's use or sale of a product that the patentee has already licensed. *FireBlok IP Holdings, LLC v. Hilti, Inc.*, No. 2:19-cv-23-RWS-RSP, 2020 WL 1899620, at *3 (E.D. Tex. Jan. 20, 2020). A defendant must prove a license defense by a preponderance of the evidence. *See Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc.*, 103 F.3d 1571, 1576 (Fed. Cir. 1997). Once the defendant has met its burden, summary judgment is appropriate if the patentee is unable to set forth specific facts as to why the license should not apply. *Cyrix Corp. v. Intel Corp.*, 879 F. Supp. 666, 668 (E.D. Tex. 1995) (citations omitted).

The Apple and LG agreements provide that they are to be construed under Delaware law. Ex. 3 (Apple) at §9.10; Ex. 6 (LG) at §9.9. Delaware law requires courts to interpret clear and unambiguous terms according to their ordinary meanings. *GMG Capital Invs., LLC v. Athenian Venture Partners I, L.P.*, 36 A.3d 776, 780 (Del. 2012). The Huawei, HTC, and ZTE agreements provide that they are to be construed under Texas law. Ex. 5 (Huawei) at §8.1; Ex. 4 (HTC) at §9.8; Ex. 7 (ZTE) at §9.9. Under Texas law, a court should "determin[e] the true intent of the parties as expressed by the plain language of the agreement." *North Shore Energy, LLC v. Hawkins*, 501 S.W. 598, 601 (Tex. 2016).

**IV. ARGUMENT:  LICENSED DEVICES AND USERS CANNOT INFRINGE**

AGIS's infringement claims are premised on use of devices running the accused Google and Waze applications, and its royalty bases include alleged users of those applications. But AGIS's royalty bases improperly include users of AGIS Licensees' devices, who are licensed under AGIS's settlement agreements. Indeed, AGIS does not dispute that the devices made by the AGIS Licensees and their end users are licensed. Its damages expert Mr. Ratliff concedes that his royalty base includes such licensed end users. Ex. 1 at ¶147; Ex. 2 at ¶93. AGIS has already been

7

compensated for those licensed users' use of the Licensed Devices through its settlement agreements with the AGIS Licensees. AGIS should not be permitted to obtain double recovery for those licensed users and devices.

On similar facts in *Oyster Optics, LLC v. Infinera Corp.*, this Court granted summary judgment as to a defendant's license defense, where "[c]onsidering the [license] contract as a whole and the plain meaning of each term, the Court finds no ambiguity in the Agreement" and that the license covered the plaintiff's patents and defendant's accused products. No. 2:18-CV-00206-JRG, 2019 WL 2603173, at *6 (E.D. Tex. Jun. 25, 2019). In *Oyster*, the Court found that defendant Infinera fell within the definition of "Affiliate" in the license and was therefore released from claims of infringement by the terms of the license. And in *STMicroelectronics, Inc. v. Sandisk Corp.*, the plaintiff attempted to include in its damages calculation products that were covered by a prior license with NEC. No. 4:05CV44, 2006 WL 1737436, at *1 (E.D. Tex. June 23, 2006). The prior agreement with NEC licensed and authorized NEC to manufacture devices and only carved out for exclusion devices that were manufactured by others. The court found that while "Sandisk may design the controller device," Sandisk is a "fabless" company and the products in question were actually manufactured by NEC. Sandisk was therefore a "third-party beneficiary to the [NEC] license," and its products were licensed and not subject to the carve-out provision. The court thus precluded the plaintiff from including the licensed products from the damages base against Sandisk. No. 4:05CV44, 2006 WL 1737436, at *1 (E.D. Tex. June 23, 2006).

Here, AGIS's settlement agreements with the AGIS Licensees ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌. All five

agreements ▮

▮

▮

▮

▮

▮

▮

▮ . Thus, as in *Oyster* and *STMicroelectronics*, the unambiguous terms of the license agreements release and license the AGIS Licensees' devices ▮ . ▮ and users of those devices and applications are not infringers.

AGIS also ▮

▮

▮

▮

▮

▮

▮

▮

9

███████████████████████████████

███████████████████████████ These provisions confirm that AGIS was compensated for and cannot allege infringement or claim damages for use of the licensed devices.

AGIS and Mr. Ratliff attempt to justify their inclusion of licensed uses in their damages claim by arguing that some of the asserted patent claims recite "server[s]," which were not licensed in the settlement agreements, and that Google and Waze enjoy "backend monetization" when licensed users use the licensed products. Ex. 1 at ¶¶146, 147; Ex. 2 at ¶¶92, 93. Neither argument holds water. First, Mr. Ratliff applies his royalty rate to a damages base consisting of the number of "user[s] per month"—not the number of servers—and he improperly includes the licensed Apple, ZTE, Huawei, HTC, and LG users in that base. Ex. 1 ¶¶56, 59, 61; Ex. 2 ¶88. AGIS has already licensed and collected royalties for those users' use of the licensed products to practice all of AGIS's patent claims, including the "server" claims. ████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████ Second, "backend monetization" is irrelevant because, as explained above, AGIS's settlement agreements ████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████

Accordingly, licensed users of AGIS Licensees' licensed products cannot be included in AGIS's infringement or damages claims in this case.

## V. CONCLUSION

Summary judgment of non-infringement should be granted as to all devices and users licensed under AGIS's settlement agreements with Apple, HTC, LG, Huawei, and ZTE, and those devices and users should be excluded from the damages base for Google and Waze.

Respectfully submitted,

February 28, 2022

/s/ G. Blake Thompson
**G. Blake Thompson**
State Bar No. 24042033
Email: Blake@themannfirm.com
**J. Mark Mann**
State Bar No. 12926150
Email: Mark@themannfirm.com
**MANN TINDEL THOMPSON**
201 E. Howard Street
Henderson, Texas 75654
Telephone: (903) 657-8540
Facsimile: (903) 657-6003

Darin W. Snyder (*Pro Hac Vice*)
Email: dsnyder@omm.com
Luann L. Simmons (*Pro Hac Vice*)
Email: lsimmons@omm.com
Davis S. Almeling (*Pro Hac Vice*)
Email: dalmeling@omm.com
Mark Liang (*Pro Hac Vice*)
Email: mliang@omm.com
Bill Trac (*Pro Hac Vice*)
Email: btrac@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

***ATTORNEYS FOR DEFENDANTS GOOGLE LLC, SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND WAZE MOBILE LIMITED***

        Neil P. Sirota
        neil.sirota@bakerbotts.com
        Timothy S. Durst
        tim.durst@bakerbotts.com
        Katharine Burke
        katharine.burke@bakerbotts.com
        Margaret M. Welsh
        margaret.welsh@bakerbotts.com
        **BAKER BOTTS LLP**
        30 Rockefeller Plaza
        New York, New York 10112
        Tel: (212) 408-2500
        Fax: (212 408-2501

        ***ATTORNEYS FOR DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service on February 28, 2022.

        */s/ G. Blake Thompson*
        **G. Blake Thompson**

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that this document is being filed under seal pursuant to the terms of the Protective Order entered in this case because it contains material designated by one of the parties as highly confidential.

Dated: February 28, 2022         */s/ G. Blake Thompson*
        **G. Blake Thompson**