**RESTRICTED - CONFIDENTIAL SOURCE CODE**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |  |
|---|---|---|
| AGIS SOFTWARE DEVELOPMENT LLC, | § § § | Case No. 2:19-cv-00361-JRG |
| Plaintiff, | § § | **JURY TRIAL DEMANDED** |
| v. | § § | ███████████████ |
| GOOGLE LLC, | § § § | |
| Defendant. | § § | |

**PLAINTIFF AGIS SOFTWARE DEVELOPMENT LLC'S RESPONSE
IN OPPOSITION TO DEFENDANT GOOGLE LLC'S MOTION FOR
SUMMARY JUDGMENT OF NO DIRECT INFRINGEMENT (DKT. 274)**

**RESTRICTED - CONFIDENTIAL SOURCE CODE**

## <u>TABLE OF CONTENTS</u>

<u>Page(s)</u>

I.    INTRODUCTION ................................................................................................ 1

II.   RESPONSE TO STATEMENT OF THE ISSUES TO BE DECIDED ............................ 1

III.  RESPONSE TO STATEMENT OF Undisputed Facts .......................................... 1

      A.    Defendants Test the Accused Products in the United States ................................. 1

      B.    Find My Device Is Preinstalled in the Accused Devices ........................................ 3

IV.   LEGAL STANDARD ............................................................................................ 5

      A.    Summary Judgment ................................................................................ 5

      B.    Direct Infringement ................................................................................ 5

V.    ARGUMENT ...................................................................................................... 6

      A.    Google Infringes the Asserted Method Claims by Testing the Accused
            Products and Operating Associated Servers ............................................... 6

            1.    Google Performs Infringing Tests ............................................. 7

      B.    Find My Device Infringes Apparatus Claims of the '970, '055, '251, and
            '123 Patents ............................................................................................ 7

VI.   CONCLUSION .................................................................................................. 9

RESTRICTED - CONFIDENTIAL SOURCE CODE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AFG Industries, Inc. v. Cardinal IG Co.*, Inc.,
   375 F.3d 1367 (Fed. Cir. 2004)...............................................................................5, 8

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)........................................................................................................5

*c.f. Lemelson v. United States*,
   752 F.2d 1538 (Fed. Cir. 1985)....................................................................................5

*Centrak, Inc. v. Sonitor Techs., Inc.*,
   915 F.3d 1360 (Fed. Cir. 2019).....................................................................................6

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
   869 F.3d 1372 (Fed. Cir. 2017)....................................................................................5

*Rembrandt Wireless Techs., LP v. Apple Inc.*,
   2:19-CV-00025-JRG, 2019 WL 6344471 (E.D. Tex. Nov. 27, 2019) .................................6, 7

*Rockwell Int'l Corp. v. United States*,
   147 F.3d 1358 (Fed. Cir. 1998)....................................................................................5

*Vasudevan Software, Inc. v. Microstrategy, Inc.*,
   782 F.3d 671 (Fed. Cir. 2015).....................................................................................5

**Other Authorities**

Fed. R. Civ. P. 56..........................................................................................................5

## I.      INTRODUCTION

Defendants cannot meet their burden for summary judgment because there remain genuine disputes of material fact underlying Defendants' use, manufacture, sale, and offer for sale of the Accused Products.  First, there is substantial evidence that Defendants infringe the asserted method claims by testing and by operating servers which Defendants failed to address.  Second, there is substantial evidence that Defendants preload accused devices with Find My Device.  Defendants improperly attempt to circumvent AGIS's evidence by inventing a distinction between "sender" and "receiver" applications that does not exist, and merely disagrees with AGIS's experts that Google Chrome independently satisfies the relevant limitations.  As such, Defendants' motion should be denied in its entirety.

## II.     RESPONSE TO STATEMENT OF THE ISSUES TO BE DECIDED

1.      Whether there is genuine a dispute of material fact as to whether Google directly infringes the Asserted Claims by testing.

2.      Whether there is a genuine dispute of material fact as to whether Google directly infringes the Asserted Claims of the '970 and '251 Patents by Find My Device functionality.

## III.    RESPONSE TO STATEMENT OF UNDISPUTED FACTS

1.      AGIS does not dispute Google's identification of asserted claims.

**A.      Defendants Test the Accused Products in the United States**

2.      **Response:  Disputed.**  AGIS and its experts also assert that Google infringes asserted method claims by ██████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████

RESTRICTED - CONFIDENTIAL SOURCE CODE

    3.    **<u>Response</u>:**    Undisputed, however Google omits additional grounds for infringement based on Defendants' servers.

    4.    **<u>Response</u>:**    Undisputed, however Google omits additional grounds for infringement based on Defendants' servers.

    5.    **<u>Response</u>: Disputed.** █████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████ █████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

███████████████████

    6.    **<u>Response</u>: Disputed.** ████████████████████████

██████████████████████████████████████████

████████ ████████████████████████████████████

RESTRICTED - CONFIDENTIAL SOURCE CODE

███████████████ and the testimony of Google's own witness, show that Google comprehensively tests the asserted method claims in the same ways they are used by customers, including with groups of three or more devices.  *See supra* Section III.A.5 Response.

**B.      Find My Device Is Preinstalled in the Accused Devices**

7.      **Response:  Disputed.**  Find My Device is a single product with functionality preloaded on all Android devices sold in the United States. ████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████ Defendants' false distinction between "receiver" and "client" sides contradicts ██████████████ testimony and is unsupported by their expert.

8.      **Response:  Disputed.**  As discussed above, *infra* Section III.B.7, there is no separate "client-side" Find My Device application.

9.      **Response:  Disputed.**  Google wrongly characterizes evidence as "client-side" functionality in an attempt to distinguish it from software that it concedes is preloaded. ██████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████

10.      **Response:  Disputed.**  As discussed above, *infra* Section III.B.7, there is no separate "client-side" Find My Device application. █████████████████████

3

RESTRICTED - CONFIDENTIAL SOURCE CODE



11.     **Response**: **Disputed.**   Defendants' Expert, Dr. Andrew Wolfe, admits that the

functionality of FMD that "

Defendants misleadingly cite to AGIS's expert

RESTRICTED - CONFIDENTIAL SOURCE CODE

deposition testimony regarding installation of the FMD application, rather than preloading of FMD functionality. █████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████

## IV.   LEGAL STANDARD

### A.   Summary Judgment

A grant of summary judgment is appropriate only when there is no genuine issue of material fact, such that the moving party is entitled to summary judgment as a matter of law.  Fed. R. Civ. P. 56.  Summary judgment may be granted only when no reasonable jury could return a verdict for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In considering whether there is a genuine issue of material fact, the evidence must be viewed in the light most favorable to the party opposing the motion, with doubts resolved in favor of that party.  *Id*. at 255; *Rockwell Int'l Corp. v. United States*, 147 F.3d 1358, 1362 (Fed. Cir. 1998).  "[A] trial court cannot reach a conclusive finding of noninfringement if the record shows some evidence supporting a finding of noninfringement and some evidence to the contrary."  *AFG Industries, Inc. v. Cardinal IG Co., Inc.*, 375 F.3d 1367, 1371 (Fed. Cir. 2004).  "As a general rule, summary judgment is inappropriate where an expert's testimony supports the non-moving party's case."  *Vasudevan Software, Inc. v. Microstrategy, Inc.*, 782 F.3d 671, 683 (Fed. Cir. 2015).

### B.   Direct Infringement

"[A]ssembling the components of an invention is an infringing act of making the invention."  *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1378 (Fed. Cir. 2017).  Infringement can occur "when the claimed combination has been assembled and is used or is available for use."  *See c.f. Lemelson v. United States*, 752 F.2d 1538, 1548 (Fed. Cir. 1985).

RESTRICTED - CONFIDENTIAL SOURCE CODE

Someone makes a claimed apparatus if they use software to configure hardware elements, even if it did not originally manufacture or sell its hardware components. *Centrak, Inc. v. Sonitor Techs., Inc.*, 915 F.3d 1360, 1373 (Fed. Cir. 2019) ("[A] reasonable jury could find that . . . Sonitor personnel complete at least a portion of the final system configuration and software setup necessary to make the system work—in other words, that Sonitor makes a combination of hardware and software that is "configured" to infringe.") (citations omitted); *see also Rembrandt Wireless Techs., LP v. Apple Inc.*, 2:19-CV-00025-JRG, 2019 WL 6344471, at *3 (E.D. Tex. Nov. 27, 2019) (reasoning that a party who "actively incorporates these components into its products" by "developing the source code that integrates and enables [devices] within the accused products" may directly infringe based on those components).

## V.   ARGUMENT

### A.   Google Infringes the Asserted Method Claims by Testing the Accused Products and Operating Associated Servers

Google infringes the asserted method claims by testing the Accused Products, and by making and using server devices that infringe Claim 1 of the '829 Patent, and its dependents.

First, Google argues from the incorrect proposition that AGIS's allegations regarding method claims are limited to testing.  However, AGIS asserts infringement of Claim 1 of the '829 Patent and its dependents, based on Google's operation of servers which comprise the Accused Products.  *See supra* Section III.A.2.  For example, Google operates its own servers in connection with Google Maps and FMD.  *Id.*  Because a reasonable jury could find infringing use based on Google's server operations, the Motion should be denied on this basis alone.

Second, contrary to Google's assertions, AGIS has advanced substantial evidence that Defendants test the Accused Products in the same infringing manner as they are used by customers. Defendants' demand that AGIS's experts separately chart their infringing testing is baseless, as

they have already opined ███████████████████████████████████████

███████ Google's suggestion that some testing does not include a group of three or more devices

goes to the quanta, not the existence, of evidence for infringement.

### 1.    Google Performs Infringing Tests

Google has tested the Accused Products, both during quality assurance and by distributing

the FMD and Google Maps to hundreds of "dogfooder" employees who provide feedback during

development.  *See supra* III.A.5-6.  ███████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████ As such, a genuine

dispute of material fact precludes summary judgment.

### B.    Find My Device Infringes Apparatus Claims of the '970, '055, '251, and '123 Patents

Find My Device ("FMD") infringes the asserted Apparatus Claims of the '970,'251, and

'123 Patents because the Accused Products are preloaded with FMD.  Google's Motion relies on

its heavily disputed assertion that FMD is not "preinstalled" and disregards AGIS's evidence to

the contrary.  A genuine dispute of material fact precludes summary judgment.

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

**RESTRICTED - CONFIDENTIAL SOURCE CODE**

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED] Because evidence exists based on which a reasonable jury could find that FMD is preloaded in the Accused Devices, Google's Motion must be denied.  *See AFG Industries, Inc.*, 375 F.3d at 1371.

Moreover, Google's purported evidence to the contrary is entitled to little weight.  First, Google attempts to draw a false distinction between "client-side," "receiver-side," and "backend" versions of FMD.  There is no such thing.  As Mr. McAlexander opines, [REDACTED] [REDACTED] Google relies on a purpose-written declaration from [REDACTED] that contradicts his deposition testimony for this new distinction.  [REDACTED] However, Google effectively concedes that what they now characterize as the "receiver side" *is* pre-loaded, now arguing that the new "client-side" is somehow absent.  Google merely shows a genuine dispute of material fact that precludes summary judgment.

Google's citation to purportedly contradictory testimony of AGIS's experts is similarly entitled to little weight.  Google's carefully worded questions regarding the installation of the Find My Device application did not concern to the preloaded FMD *functionality*.  *See Ex. I, 113:14–114:16.*  To the extent this testimony is relevant, it merely goes to weight and credibility.

Finally, as AGIS's experts opine, [REDACTED]

[REDACTED]

RESTRICTED - CONFIDENTIAL SOURCE CODE

██████████████████████████████ Google's disagreement that this pre-loaded functionality satisfies the asserted apparatus claims is merely a dispute of fact, and a reasonable jury could further find in AGIS's favor on this basis.

Accordingly, numerous genuine disputes of material fact preclude summary judgment.

## VI.   CONCLUSION

AGIS respectfully requests that Defendants' Motion be denied in its entirety.

Dated:  March 14, 2022

Respectfully submitted

*/s/ Vincent J. Rubino, III*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
Enrique W. Iturralde
NY Bar No. 5526280
Email: eiturralde@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue,
 Suite 206 South
Rye, New York  10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Samuel F. Baxter
State Bar No. 01938000
Email: sbaxter@mckoolsmith.com
Jennifer L. Truelove
State Bar No. 24012906
Email: jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

*ATTORNEYS FOR PLAINTIFF AGIS*

**RESTRICTED - CONFIDENTIAL SOURCE CODE**

*SOFTWARE DEVELOPMENT LLC*



## **CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2022, a true and correct copy of the above and

foregoing document has been served by email on all counsel of record.

*/s/ Vincent J. Rubino, III*
Vincent J. Rubino, III