**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| | § | |
| **AGIS SOFTWARE DEVELOPMENT LLC,** | § | **Case No. 2:19-cv-00361-JRG** |
| | § | |
| **Plaintiff,** | § | ███████████ |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| **GOOGLE LLC,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**GOOGLE'S REPLY IN SUPPORT OF GOOGLE'S MOTION FOR SUMMARY
JUDGMENT OF NO DIRECT INFRINGEMENT BY GOOGLE**

Summary judgment that Google does not directly infringe device method claims or apparatus claims is warranted.  For the device method claims, AGIS has not even attempted to show evidence of any testing that meets the limitations of any asserted device method claim.  For the apparatus claims, there is no genuine dispute that ██████████████████████ is not pre-installed—██████████████████████████.  AGIS's argument about the Google Chrome web browser fails for the same reason because ████████ ██████████████████████████████████

**A.      AGIS Has Not Identified Any Evidence Of Testing By Google That Meets Any Device Method Claims**

Google's motion only requested summary judgment on the device method claims and did not include any server method claims from the '829 Patent.  Thus, AGIS's arguments about the server method claims of the '829 Patent are inapposite.

As for the device method claims, AGIS not identified any evidence that Google performed testing in a manner that meets every limitation of any claim.  AGIS argues instead that Google generally performs testing and suggests (without basis) that Mr. McAlexander opined that "groups" are formed during the "normal usage" of FMD and Google Maps.  *See* Opp. at 7.  From these two assertions, AGIS jumps to unsupported conclusions about the existence of and steps performed during Google's FMD and Google Maps testing.

First, ██████████████████████████ says nothing about whether or how Google tests FMD or Google Maps.  It certainly does not support the conclusion that Google tested FMD and Google Maps in a group of three or more devices by performing every step of the device method claims, as would be required to show infringement.  AGIS all but admits that it has no evidence of such testing, arguing that a "reasonable jury" could draw conclusions about testing in groups of devices based on Mr. McAlexander's opinion that groups of three "are formed during

1

the normal usage of FMD and google Maps." *Id.* (citing Ex. A, ¶¶154–155).   But Mr. McAlexander said no such thing.  In paragraph 154 of his report, Mr. McAlexander states that he performed testing with *two* devices, and in paragraph 155, he states his unsupported opinion that one could extrapolate the steps for two devices to additional devices.  Dkt. 303-2 (Ex. A) at ¶¶ 154–155.  Mr. McAlexander did not say anything about "normal usage," and AGIS's assertion that "normal usage" includes three or more devices simply has no support.  And it is telling that Mr. McAlexander did not perform such "group" testing himself.  Such "unsubstantiated assertions are not competent summary judgment evidence."  *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).  And even accepting AGIS's contention about "normal usage" does not lead to the inference that Google tested the accused applications by performing steps in the exact manner recited in the asserted claims.   "[N]ormal usage" by users is not relevant to establishing how Google tested its applications, much less to showing Google tested its applications with three or more devices performing every step of the asserted claims.

**B.    The ████████████████████████████ Is Not Pre-Installed On Any Device**

AGIS does not have *any* evidence that ██████████████████████ is pre-installed on any device.  Nor can it, because it demonstrably is *not* pre-installed on any device. Instead, AGIS points only to evidence that ████████████████████████████████████ ██████ AGIS's infringement claims are based on the user interface functionalities ████████ ██████████████████.  Thus, that ████████████████████ is not pre-installed on the accused devices dooms AGIS's claims that Google directly infringes the device apparatus claims.

1.     **AGIS's Infringement Claims Depend On** ████████████
████████

Contrary to what AGIS argues, the distinction between ██████████████

████████████████████ is critical to AGIS's infringement claims.  Without ██████████

██████████, the accused devices lack the functionality that AGIS alleges to be infringing.  For

example, unless and until ████████████████████████████████████████, the

devices do not ████████████████████████ "presenting, via an interactive

display of the first device, a first interactive, georeferenced map and a plurality of user-selectable

symbols" as recited in the '251 Patent claims.  *See* Ex. 4 (Dkt. 274-6) at C-a191 (below).



As another example, for the "means for . . . creating a forced message alert that is transmitted by

said sender PDA/cellphone" in the '970 Patent, AGIS's infringement claim ████████████████

████████████████████████.  Ex. 2 (Dkt. 274-4) at A-a89, 92, 96, 99.



▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ AGIS has no infringement claim.

2.  **AGIS Has Not Identified Any Evidence That** ▇▇▇▇▇▇▇▇▇
    ▇▇▇▇▇▇▇ **Is Pre-Installed—Because It Is Not**

AGIS has not identified any evidence that ▇▇▇▇▇▇▇▇▇▇▇▇▇ is preinstalled.

Instead, all of AGIS's evidentiary citations refer to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* Opp. at 7–8. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Whether ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ is pre-installed can be simply demonstrated by

purchasing a new device and checking ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. In fact, Google's

expert did this—he purchased a new Google Pixel 3a and confirmed ▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇ was not pre-installed.  Ex. 15 at 85–89.

The parties' dispute is not about the weight of evidence, as AGIS insinuates.  The parties

are simply pointing to evidence about different undisputed facts: ▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  As explained above, the fact

that ▇▇▇▇▇▇▇▇▇▇▇▇▇ is not pre-installed is undisputed and dispositive on this issue,

because the devices sold by Google simply do not contain the accused functionality.

3.   **The ███████████████████████████ Are Not Pre-Installed Via Chrome**

AGIS essentially concedes that ██████████████████ is not pre-installed and attempts to argue that users can ████████████████████████ Chrome, ████ ██████████████████. Opp. at 8–9.  But the Chrome web browser ████████████ ████████████████████████████ And the Chrome web browser ████████████████████████████████████ Thus, AGIS's Chrome browser theory also fails ████████████ ████████████ AGIS again tries to spin this into a "dispute of fact," but there is no genuine dispute that the Chrome browser is simply a browser ████████████ ████████████████████████ ████████ *See* Opp. at 8.  In other words, as sold by Google, the devices do not contain the accused functionality and hence cannot directly infringe.

Because there is no genuine dispute about the material fact ████████████ ████████████████████ summary judgment is proper.

C.   **Conclusion**

For the reasons above, Google respectfully requests summary judgment that it does not direct infringe the device method claims or the device apparatus claims.

March 21, 2022

*/s/ J. Mark Mann*
J. Mark Mann
State Bar No. 12926150
Email:  Mark@themannfirm.com
G. Blake Thompson
State Bar No. 24042033
Email : Blake@themannfirm.com
**MANN TINDEL THOMPSON**
201 E. Howard St.
Henderson, Texas 75654
Telephone:  (903) 657-8540
Facsimile:  (903) 657-6003

Darin W. Snyder (*Pro Hac Vice*)
Email:  dsnyder@omm.com
Luann L. Simmons (*Pro Hac Vice*)
Email:  lsimmons@omm.com
Davis S. Almeling (*Pro Hac Vice*)
Email:  dalmeling@omm.com
Mark Liang (*Pro Hac Vice*)
Email:  mliang@omm.com
Bill Trac
Email:  btrac@omm.com
Amy Liang
Email: aliang@omm.com
Sorin Zaharia (*Pro Hac Vice*)
Email: szaharia@omm.com
Stacy Yae (*Pro Hac Vice*)
Email: syae@omm.com
Andrew Bledsoe (*Pro Hac Vice*)
Email: abledsoe@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone:  (415) 984-8700
Facsimile:  (415) 984-8701

***ATTORNEYS FOR DEFENDANT
GOOGLE LLC***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service on March 21, 2022

*/s/ J. Mark Mann*
J. Mark Mann

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned certifies that the foregoing document and all supporting declarations and exhibits thereto are being filed under seal pursuant to Local P.R. 2-2.

Dated:  March 21, 2022                 */s/ J. Mark Mann*
**J. Mark Mann**

7