DARIN W. SNYDER (S.B. #136003)
dsnyder@omm.com
LUANN L. SIMMONS (S.B. #203526)
lsimmons@omm.com
DAVID S. ALMELING (S.B. #235449)
dalmeling@omm.com
MARK LIANG (S.B. #278487)
mliang@omm.com
BILL TRAC (S.B. #281437)
btrac@omm.com
AMY K. LIANG (S.B. #291910)
aliang@omm.com
SORIN G. ZAHARIA (S.B. #312655)
szaharia@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone:   (415) 984-8700

STACY YAE (S.B. #315663)
syae@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope St., 18th Floor
Los Angeles, CA 90071
Telephone:   (213) 430-6000

*Attorneys for Defendants Google LLC
and Waze Mobile Ltd.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| AGIS SOFTWARE DEVELOPMENT LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:22-cv-04826-BLF<br>(Consolidated case)<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL EXHIBITS TO DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |
| AGIS SOFTWARE DEVELOPMENT LLC,<br><br>Plaintiff,<br><br>v.<br><br>WAZE MOBILE LTD.,<br><br>Defendant. | |

Pursuant to Civil Local Rules 7-11 and 79-5, and the Court's Standing Order Re Civil Cases, Defendants Google LLC ("Google") and Waze Mobile Ltd. ("Waze") (collectively "Defendants") submit this Administrative Motion to Seal ("Motion to Seal") portions of certain documents filed in connection with Defendants' Reply in support of their Motion for Summary Judgment ("Reply"). Specifically, Defendants seek to seal portions of Exhibits 38 and 39 to the Declaration of Mark Liang submitted in support of Defendants' Reply.

As set forth below and in the accompanying Declaration of Sorin G. Zaharia ("Zaharia Decl."), the two exhibits sought to be sealed contain non-public, confidential information about the design, development, and operation of Defendants' products, including information that Defendants designated "Confidential" and "Restricted – Attorneys' Eyes Only" pursuant to the parties' Stipulated Protective order. Public release of that information could be used to gain an unfair business advantage over Defendants, and the proposed sealing is narrowly tailored. Accordingly, Defendants hereby request that the Court enter an order sealing this information.

In accordance with Rule 79-5 and the Court's Standing Order Re Civil Cases, Defendants have also filed herewith a Proposed Order that is "narrowly tailored to seal only the sealable material" and "lists in table format" the sealing and redactions sought.

## I.    LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking to seal information and documents "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

Where, as here, a motion to seal is directed to a dispositive motion, a party must show "compelling reasons" to seal judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "Examples [of a compelling reason to seal] include when a court record might be used . . . as sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (cleaned up). Compelling reasons exist where, as here, court filings contain or discuss "highly sensitive information regarding [Defendants'] product architecture and development,"

DEFS' ADMIN. MOTION TO SEAL
NO. 5:22-CV-04826-BLF

*Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) or "information regarding non-public . . . business practices" of Defendants, *Koninklijke Philips N.V. v. Elec-Tech Int'l Co., Ltd.*, No. 14-cv-02737-BLF, 2015 WL 581574, at *2–3 (N.D. Cal. Feb. 10, 2015).

## II.    LESS RESTRICTIVE ALTERNATIVES TO SEALING ARE INSUFFICIENT

Defendants have submitted for sealing only two of the exhibits they submitted with their Reply, and have submitted narrowly tailored redactions to those exhibits, as set forth below.

## III.    SEALING OF DOCUMENTS CONTAINING DEFENDANTS' CONFIDENTIAL INFORMATION IS WARRANTED

Here, Defendants seek to seal documents or portions thereof as described below, which contain confidential information about the design, development, operation, and testing of their products.  Defendants do not publicly disclose internal information about the design, development, operation, and testing of their products, and this information could be used to gain an unfair business advantage against Defendants.  *See Delphix*, 2014 WL 4145520, at *2. Defendants have proposed to redact only two exhibits submitted with their Reply, and only those portions of those exhibits that pertain to Defendants' sensitive and confidential business information.  Defendants' redactions are therefore narrowly tailored.

Defendants have compelling reasons to support sealing the below-described excerpts of Exhibits 38 and 39 submitted with their Reply.  Accordingly, Defendants respectfully request that the Court redact and seal those excerpts.

| ECF or Ex. No. | Document | Portions to Seal | Reasons for Sealing |
|---|---|---|---|
| Ex. 38 to Reply | Document Bates-labeled WAZE-AGIS-00026406-26420 | Highlighted portions of pages with Bates labels ending in -26408, -26409, -26410, -26411, -26412, -26413, -26414, -26415, -26416, -26417, -26418, -26419, and -26420. | The portions that Defendants seek to seal contain information regarding Defendants' internal product development and functionality, including explicit descriptions of server relationships, data flow, and detailed frontend and backend design architecture, and including pros and cons of selecting certain approaches |

| | | | in the product development. |
|---|---|---|---|
| | | | Portions also contain information regarding pricing models, Defendants' assessment of products by competitors in the same space and internal development timelines. |
| | | | These details about Defendants' internal product design, functionality, and competitive posture are confidential and their disclosure could result in competitive harm to Defendants, for instance, by allowing competitors to obtain an unfair head start in developing similar products or replicate Defendants' engineers' work, which Defendants have expended significant resources to create and maintain and which are a basis of Defendants' competitive advantage in the market. |
| Ex. 39 to Reply | Document Bates-labeled WAZE-AGIS-00028148-28152 | Highlighted portions of pages with Bates labels ending in -28148, -28149, -28150, -28151, and -28152. | The portions that Defendants seek to seal contain information regarding Defendants' internal product development and functionality, including explicit descriptions of implementation and engineering requirements, server and client messaging, and pros and cons of selecting certain approaches in the product development. |
| | | | These details about Defendants' internal product design, functionality, and decision-making are confidential and their disclosure could result in competitive harm to Defendants, for instance, by allowing competitors to obtain an unfair head start in developing similar products or replicate Defendants' engineers' work, which Defendants have expended significant resources to create and maintain and which are a basis of Defendants' competitive advantage |

3

| | | | in the market. |
|---|---|---|---|
| | | | |

## IV. CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant Defendants' Motion to Seal and seal the designated portions of the two exhibits submitted with Defendants' Reply.


Dated: July 21, 2023

By: /s/ Mark Liang

DARIN W. SNYDER
LUANN L. SIMMONS
DAVID S. ALMELING
MARK LIANG
BILL TRAC
AMY K. LIANG
SORIN G. ZAHARIA
STACY YAE
**O'MELVENY & MYERS LLP**

Attorneys for Defendants
GOOGLE LLC and WAZE MOBILE LTD.