# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| AGIS SOFTWARE DEVELOPMENT LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 22-cv-04826-BLF<br><br>**ORDER GRANTING DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL EXHIBITS TO DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>[Re: ECF No. 458] |

Before the Court is "Defendants' Administrative Motion to Seal Exhibits to Defendants' Reply in Support of its Motion For Summary Judgment." Mot., ECF No. 458. For the following reasons, Defendants' motion is GRANTED.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that

1  warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive
2  alternative to sealing is not sufficient." Civil L.R. 79-5(c)(1).  Further, Civil Local Rule 79-5
3  requires the moving party to provide "evidentiary support from declarations where necessary."
4  Civil L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable
5  material." Civil L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civil L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civil L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civil L.R. 79-5(f)(3). Any party can file a response to that declaration within four days. Civil L.R. 79-5(f)(4).

## II. DISCUSSION

Because the motion to seal pertains to briefing on a motion for summary judgment, the Court will apply the "compelling reasons" standard. *See Kamakana*, 447 F.3d at 1177.

Defendants state that the information they seek to seal contains confidential information about the design, development, operation, and testing of their products. Mot. 2. They further state information also discloses the internal functionality of Defendants' products and Defendants' business decision-making in the course of developing their products. Zaharia Decl. ¶ 3, ECF No. 458-1. Defendants explain that they do not publicly disclose this information, and that its disclosure would give competitors an unfair business advantage. Mot. 2. Defendants also state that their request is narrowly tailored. *Id.* at 2.

The information to be sealed includes technical information relating to products and confidential business information, including pricing models. Courts have found such information sealable under "compelling reasons" standard. *See, e.g., Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016) (finding compelling reasons to seal "information about the technical operation of the products, financial revenue data, and excerpts from expert depositions, expert report, and related correspondence"). Further, the parties'

1 requests are narrowly tailored.

2    Accordingly, the Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 458-2 | Document Bates-labeled WAZE-AGIS00026406- 26420 | Highlighted portions of pages with Bates labels ending in -26408, -26409, -26410, -26411, -26412, -26413, -26414, -26415, -26416, -26417, -26418, -26419, and -26420. | GRANTED, as containing confidential business information, including internal product development and functionality, pricing models, and Defendants' assessment of products by competitors in the same space and internal development timelines—the disclosure of which would cause Defendants competitive harm. |
| 458-3 | Document Bates-labeled WAZE-AGIS00028148- 28152 | Highlighted portions of pages with Bates labels ending in -28148, -28149, -28150, -28151, and -28152. | GRANTED, as containing confidential business information, including internal product development and functionality—the disclosure of which would cause Defendants competitive harm. |

20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28

United States District Court
Northern District of California

**III.   ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' motion to seal (ECF No. 458) is GRANTED.  Defendants SHALL file public versions of the documents with the permitted redactions by no later than **September 4, 2023**.

Dated:  August 21, 2023

_____
BETH LABSON FREEMAN
United States District Judge