UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AGIS SOFTWARE DEVELOPMENT LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.  22-cv-04826-BLF<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL**<br><br>[Re: ECF No. 451] |

On June 14, 2023, AGIS filed an administrative motion to seal portions of its opposition to Defendants' Motion for Summary Judgment and related exhibits.  ECF No. 451.  The Court denied AGIS's motion and directed AGIS to refile by September 4, 2023.  *See* ECF No. 460.  AGIS did not refile.  Upon further consideration, the Court recognizes that its order (ECF No. 460) may have been unclear.  Thus, in the interest of efficiency, the Court reconsiders its prior ruling and GRANTS AGIS's Administrative Motion to Seal, ECF No. 451.

**I.  LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d

1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," however, are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

## II. DISCUSSION

The documents at issue in AGIS's motion to seal are associated with AGIS's Opposition to Defendant's Motion for Summary Judgment. These documents concern infringement and invalidity of the patents at issue in the case. These issues are "more than tangentially related to the merits of [the] case" and therefore the parties must provide "compelling reasons" for maintaining the documents under seal. *See Ctr. for Auto Safety*, 809 F.3d at 1101; *see also Finjan, Inc. v. Juniper Network, Inc.*, No. C 17-5659 WHA, 2021 WL 1091512, at *1 (N.D. Cal. Feb. 10, 2021).

AGIS argues that compelling reasons exist to seal the material it seeks to seal that disclose: "source code and technical information regarding the Accused Products that have been designated highly confidential by Defendants"; "confidential communications regarding settlement discussions and/or negotiations"; "confidential business information"; and "technical functionality of the Accused Products." ECF No. 451. Defendant Google does not object to the sealing of any of the documents in its response. ECF No. 454.

The Court finds that compelling reasons exist to seal the identified portions of each document. *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1

1  (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under
2  "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG,
3  2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential
4  business information" in the form of "business strategies" sealable under the compelling reasons
5  standard.).

6  Accordingly, AGIS's Administrative Motion (ECF No. 451) is GRANTED. The Court
7  finds that AGIS's request is not narrowly tailored because it seeks to seal several documents in
8  their entirety. Furthermore, the Court notes that AGIS should have filed separate motions
9  regarding sealing of its own material and Defendants' material. The Court will overlook the
10 failure for this motion. However, future failures to comply with the standing order may result in
11 denial of a motion to seal with prejudice.

| ECF No. | Document | Portion(s) to Seal | Ruling |
|---------|----------|--------------------|--------|
| ECF 451-3 | Plaintiff AGIS Software Development LLC's Response in Opposition to Defendants' Motion for Summary Judgment | Highlighted Portions at:<br>• Page 4: lines 8, 10, 14;<br>• Page 7: lines 5-8, 15-17;<br>• Page 10: lines 10-13;<br>• Page 11: lines 18-21, 22-24;<br>• Page 12: lines 14-18;<br>• Page 13: line 26;<br>• Page 14: lines 6-8, 10;<br>• Page 15: lines 16-27;<br>• Page 18: lines 20-26;<br>• Page 20: lines 6-8, 15-20;<br>• Page 24: lines 10, 12-13, 18-24, 27-28;<br>• Page 25: lines 3, 12-13, 17-20. | Granted, as the highlighted portions disclose information from Exhibits A-J, Z-DD, TT-WW, and BBB-DDD to AGIS's Response in Opposition to Defendants' Motion for Summary Judgment (Dkt. 434), which AGIS and/or Defendants have designated as highly confidential / RESTRICTED ATTORNEYS' EYES ONLY. These highlighted portions contain highly confidential source code, settlement discussions and/or negotiations, and testimony from party witnesses.<br><br>Furthermore, revealing the identity and nature of settlement discussions and/or negotiations with AGIS would be harmful if its contents became known to competitors of the parties, would cause parties harm.<br><br>Finally, disclosure of source code of Defendants that Defendants have designated highly confidential, and testimony from party witnesses regarding the functionality of the Accused Products that have also been |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | | | designated highly confidential by Defendants would be harmful to Defendants, and if its contents became known to competitors of Defendants, would cause competitive harm. |
| ECF 451-4 | Ex. A to AGIS Software's Response in Opposition to Defendants' Motion for Summary Judgment | Entire Document | Granted, as this document discloses source code and technical information regarding the Accused Products that have been designated highly confidential by Defendants. |
| ECF 451-5 | Ex. B to AGIS Software's Response in Opposition to Defendants' Motion for Summary Judgment | Entire Document | Granted, as this document discloses source code and technical information regarding the Accused Products that have been designated highly confidential by Defendants. |
| ECF 451-6 | Ex. C to AGIS Software's Response in Opposition to Defendants' Motion for Summary Judgment | Entire Document | Granted, as this document discloses excerpts of the deposition testimony of Joseph C. McAlexander III, the technical expert of AGIS Software. Mr. McAlexander's testimony includes information regarding the functionality of the Accused Products, and contents of documents and source code of the Accused Products which have been designated highly confidential by Defendants. |
| ECF 451-7 | Ex. D to AGIS Software's Response in Opposition to Defendants' Motion for Summary Judgment | Entire Document | Granted, as this document discloses source code and technical information regarding the Accused Products that have been designated highly confidential by Defendants. |
| ECF 451-8 | Ex. E to AGIS Software's Response in Opposition to Defendants' Motion for Summary Judgment | Entire Document | Granted, as this document discloses source code and technical information regarding the Accused Products that have been designated highly confidential by Defendants. |

| ECF 451-9 | Ex. F to AGIS Software's Response in Opposition to Defendants' Motion for Summary Judgment | Entire Document | Granted, as this document discloses source code and technical information regarding the Accused Products that have been designated highly confidential by Defendants. |
|---|---|---|---|
| ECF 451-10 | Ex. G to AGIS Software's Response in Opposition to Defendants' Motion for Summary Judgment | Entire Document | Granted, as this document discloses source code and technical information regarding the Accused Products that have been designated highly confidential by Defendants. |
| ECF 451-11 | Ex. H to AGIS Software's Response in Opposition to Defendants' Motion for Summary Judgment | Entire Document | Granted, as this document discloses source code and technical information regarding the Accused Products that have been designated highly confidential by Defendants. |
| ECF 451-12 | Ex. I to AGIS Software's Response in Opposition to Defendants' Motion for Summary Judgment | Entire Document | Granted, as this document discloses source code and technical information regarding the Accused Products that have been designated highly confidential by Defendants. |
| ECF 451-13 | Ex. J to AGIS Software's Response in Opposition to Defendants' Motion for Summary Judgment | Entire Document | Granted, as this document discloses excerpts of the deposition testimony of Yuval Shmuelevitz, the corporate witness of Waze Mobile Limited. Mr. Shmuelevitz's testimony includes technical information regarding the functionality of the Waze Accused Products, and contents of documents and source code of the Waze Accused Products, which Defendants have designated highly confidential. |
| ECF 451-14 | Ex. Z to AGIS Software's Response in Opposition to Defendants' | Entire Document | Granted, as this document discloses confidential communications regarding settlement discussions and/or negotiations between AGIS Software and Google. Revealing the identity and |

5

| | | | |
|---|---|---|---|
| | Motion for Summary Judgment | | nature of settlement discussions and/or negotiations with AGIS would be harmful if its contents became known to competitors of the parties, would cause parties harm, and also violate the Fed. R. Evid. 408. *See Powertech Tech., Inc. v. Tessera, Inc.*, 2013 WL 12324116, at *19 (N.D.Cal. Apr. 15, 2013) (granting a motion to seal a draft license agreement with a third party). Rubino Decl. ¶ 4. |
| ECF 451-15 | Ex. AA to AGIS Software's Response in Opposition to Defendants' Motion for Summary Judgment | Entire Document | Granted, as this document discloses confidential business information regarding third- party Advanced Ground Information Systems' product, LifeRing. Disclosure of this confidential business information would be harmful to Advanced Ground Information Systems if its contents became known to competitors of the Advanced Ground Information Systems, because it includes confidential technical information. *See Powertech Tech., Inc. v. Tessera, Inc.*, 2013 WL 12324116, at *19 (N.D.Cal. Apr. 15, 2013) (granting a motion to seal a draft license agreement with a third party). Rubino Decl. ¶ 4. |
| ECF 451-16 | Ex. BB to AGIS Software's Response in Opposition to Defendants' Motion for Summary Judgment | Entire Document | Granted, as this document discloses excerpts of the deposition testimony of Malcolm K. Beyer, Jr., the corporate witness of AGIS. Mr. Beyer's testimony includes information regarding confidential settlement discussions and/or negotiations between AGIS Software and Google. Revealing the identity and nature of settlement discussions and/or negotiations with AGIS would be harmful if its contents became known to competitors of the parties, would cause parties harm, and also violate the Fed. R. Evid. 408. *See Powertech Tech., Inc. v. Tessera, Inc.*, 2013 WL 12324116, at *19 (N.D.Cal. Apr. 15, 2013) (granting a motion to seal a draft license agreement with a |

| | | | third party). Rubino Decl. ¶ 4. |
|---|---|---|---|
| ECF 451-17 | Ex. CC to AGIS Software's Response in Opposition to Defendants' Motion for Summary Judgment | Entire Document | Granted, as this document discloses excerpts of the deposition testimony of Malcolm K. Beyer, Jr., the corporate witness of AGIS. Mr. Beyer's testimony includes information regarding confidential settlement discussions and/or negotiations between AGIS Software and Google. Revealing the identity and nature of settlement discussions and/or negotiations with AGIS would be harmful if its contents became known to competitors of the parties, would cause parties harm, and also violate the Fed. R. Evid. 408. *See Powertech Tech., Inc. v. Tessera, Inc.*, 2013 WL 12324116, at *19 (N.D.Cal. Apr. 15, 2013) (granting a motion to seal a draft license agreement with a third party). Rubino Decl. ¶ 4. |
| ECF 451-18 | Ex. DD to AGIS Software's Response in Opposition to Defendants' Motion for Summary Judgment | Entire Document | Granted, as this document discloses excerpts of the deposition testimony of Malcolm K. Beyer, Jr., the corporate witness of AGIS. Mr. Beyer's testimony includes information regarding confidential settlement discussions and/or negotiations between AGIS Software and Google. Revealing the identity and nature of settlement discussions and/or negotiations with AGIS would be harmful if its contents became known to competitors of the parties, would cause parties harm, and also violate the Fed. R. Evid. 408. *See Powertech Tech., Inc. v. Tessera, Inc.*, 2013 WL 12324116, at *19 (N.D.Cal. Apr. 15, 2013) (granting a motion to seal a draft license agreement with a third party). Rubino Decl. ¶ 4. |
| ECF 451-19 | Ex. TT to AGIS Software's Response in Opposition to Defendants' Motion for Summary | Entire Document | Granted, as this document discloses excerpts of the deposition testimony of Malcolm K. Beyer, Jr., the corporate witness of AGIS. Mr. Beyer's testimony includes information regarding confidential settlement discussions and/or negotiations |

7

|   |   |   |   |
|---|---|---|---|
|   | Judgment |   | between AGIS Software and Google. Revealing the identity and nature of settlement discussions and/or negotiations with AGIS would be harmful if its contents became known to competitors of the parties, would cause parties harm, and also violate the Fed. R. Evid. 408. *See Powertech Tech., Inc. v. Tessera, Inc.*, 2013 WL 12324116, at *19 (N.D.Cal. Apr. 15, 2013) (granting a motion to seal a draft license agreement with a third party). Rubino Decl. ¶ 4. |
| ECF 451-20 | Ex. UU to AGIS Software's Response in Opposition to Defendants' Motion for Summary Judgment | Entire Document | Granted, as this document discloses excerpts of the deposition testimony of Malcolm K. Beyer, Jr., the corporate witness of AGIS. Mr. Beyer's testimony includes information regarding confidential settlement discussions and/or negotiations between AGIS Software and Google. Revealing the identity and nature of settlement discussions and/or negotiations with AGIS would be harmful if its contents became known to competitors of the parties, would cause parties harm, and also violate the Fed. R. Evid. 408. *See Powertech Tech., Inc. v. Tessera, Inc.*, 2013 WL 12324116, at *19 (N.D.Cal. Apr. 15, 2013) (granting a motion to seal a draft license agreement with a third party). Rubino Decl. ¶ 4. |
| ECF 451-21 | Ex. VV to AGIS Software's Response in Opposition to Defendants' Motion for Summary Judgment | Entire Document | Granted, as this document discloses excerpts of the deposition testimony of Malcolm K. Beyer, Jr., the corporate witness of AGIS. Mr. Beyer's testimony includes information regarding confidential settlement discussions and/or negotiations between AGIS Software and Google. Revealing the identity and nature of settlement discussions and/or negotiations with AGIS would be harmful if its contents became known to competitors of the parties, would cause parties harm, and also violate the Fed. R. Evid. 408. *See Powertech* |

8

| | | | |
|---|---|---|---|
| | | | *Tech., Inc. v. Tessera, Inc.*, 2013 WL 12324116, at *19 (N.D.Cal. Apr. 15, 2013) (granting a motion to seal a draft license agreement with a third party). Rubino Decl. ¶ 4. |
| ECF 451-22 | Ex. WW to AGIS Software's Response in Opposition to Defendants' Motion for Summary Judgment | Entire Document | Granted, as this document discloses excerpts of the deposition testimony of Malcolm K. Beyer, Jr., the corporate witness of AGIS. Mr. Beyer's testimony includes information regarding confidential settlement discussions and/or negotiations between AGIS Software and Google. Revealing the identity and nature of settlement discussions and/or negotiations with AGIS would be harmful if its contents became known to competitors of the parties, would cause parties harm, and also violate the Fed. R. Evid. 408. *See Powertech Tech., Inc. v. Tessera, Inc.*, 2013 WL 12324116, at *19 (N.D.Cal. Apr. 15, 2013) (granting a motion to seal a draft license agreement with a third party). Rubino Decl. ¶ 4. |
| ECF 451-23 | Ex. BBB to AGIS Software's Response in Opposition to Defendants' Motion for Summary Judgment | Entire Document | Granted, as this document discloses excerpts of the deposition testimony of Andrew Lookingbill, the corporate witness of Waze Mobile Limited. Mr. Lookingbill's testimony includes information regarding the corporate structure and/or identities of employees of Defendants, which Defendants have designated highly confidential. |
| ECF 451-24 | Ex. CCC to AGIS Software's Response in Opposition to Defendants' Motion for Summary Judgment | Entire Document | Granted, as this document discloses excerpts of the deposition testimony of Micah Mason, the corporate witness of Defendants. Mr. Mason's testimony includes information regarding the technical functionality of the Accused Products, and contents of documents and source code of the Accused Products, which Defendants have designated highly confidential. |
| ECF 451-25 | Ex. DDD to AGIS Software's | Entire Document | Granted, as this document discloses excerpts of the deposition testimony of Matt Secor, the corporate witness of |

| | Response in Opposition to Defendants' Motion for Summary Judgment | | Defendants. Mr. Secor's testimony includes information regarding the technical functionality of the Accused Products, and contents of documents and source code of the Accused Products, which Defendants have designated highly confidential. |
|---|---|---|---|

### III.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that AGIS's Motion to Seal at ECF No. 451 is GRANTED.

Dated: September 6, 2023

_____
BETH LABSON FREEMAN
United States District Judge